FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 SEP 27 PM 1:50

CLERK'S OFFICE
AT BALTIMORE
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

JOSEPHAT MUA &
2332 LONDON BRIDGE DR.
SILVER SPRING, MD 20906

**PLAINTIFF**

    V.

California Casualty Indemnity Exchange Et al.
P.O Box 39700
Colorado Springs
CO, 80949

Marsden & Seledee
1 North Charles Street
Suite 2300
Baltimore, MD 21201

**DEFENDANTS**

CASE NUMBER *ELH-16-367*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, Plaintiff Josephat Mua ("Plaintiff"), pursuant to 28 U.S.C. 1331, 1338, 1441, and 1446 and with a full reservation of rights and with Notice to consolidate all actions in one forum, move and jointly remove to Federal Court the petition filed by Plaintiff Josephat Mua in the Circuit Court for Montgomery County Circuit Court Civil Action No. **420645V**. (the "State Court Action"). The Action is being enjoined with an already active cases pending in Baltimore U.S Federal District court CASE No. **1:16-cv-01435-ELH.** Plaintiff removal is due to retaliation, violation of due process rights, judicial economy *inter alia* in the interest of justice as requested by an email of June 22nd, 2016 and September 22, 2016 to the Defendants to consolidate the actions in one forum. Further due to ongoing retaliation involving the state institutions including Court of Special Appeals for Maryland and a recent opinion by the U.S District Court in Greenbelt

1

Maryland, the removal of this case has become necessary due to new defendants in this case. Plaintiff wants to consolidate all actions in Federal court which is the way to go and to save this court time until further notice or until the case is remanded by the Federal court. There are many things interlinked with the other cases involving the state of Maryland and other Defendants. Defendant California Casualty Indemnity Exchange counsels have engaged in deception in this case by misleading the courts in various ways including by a letter to the court dated September 8th, 2016 and other violations on other dates. The attorneys leading this illegal conduct are Mr. Thomas V. McCarron and Mr. Joel Seledee et al with an aim of retaliate against the Plaintiff and his family.

Plaintiff Mr. Mua filed a grievance with U.S Court of Appeals for Fourth Circuit and other agencies concerning illegal activities in the U.S District of Maryland. Since that time, a diverse opinion was issued on or around August 24th, 2016 in Federal court which the Defendants are using to have all the cases Plaintiff has filed dismissed. At the moment Plaintiff in this case is facing retaliation after the state institutions declined to log in documents *inter alia* while other cases connected to the Defendants are in progress hence the reasons to remove this case to Federal court to join claims already ongoing and protect his rights. Plaintiff request less than 30 days to file all the documents from the state court due to the short notice to remove this case into Federal court.

## INTRODUCTION

1.      The State Court Action in Montgomery Circuit Court concerns other Defendants and a challenge to the enforcement of contract, FRAUD, CONSPIRACY TO COMMIT FRAUD, ABUSE OF PROCESS, NEGLIGENT MISREPRESENTATION, CONSTRUCTIVE FRAUD,

2

INTENTIONAL MISREPRESENTATION-CONCEALMENT OR NON-DISCLOSURE, BREACH OF DUTY, NEGLIGENCE, IMPROPER TERMINATION PRACTICE, VIOLATION OF DUE PROCESS RIGHTS, UNJUST ENRICHMENT, TORTIOUS INTERFERENCE OF BUSINESS RELATION (DEFENDANT Association of Supervisory & Administrative School personnel), Retaliation for protected activity *inter alia*. (See Amended Complaint Exhibit 1)

2.      That, a valid Contract existed between the Plaintiff and Defendant California Casualty Indemnity Exchange, which set forth all of the agreements, conditions, understandings, promises, warranties, and representations" of the parties. Defendant California Casualty Indemnity Exchange did not assist the Plaintiff properly with their claim and disregarded the Plaintiff and his family without properly investigating all potential causes of the accident, but instead by concluding that Plaintiff Josephat Mua (one of the insureds) caused the accident, despite substantial evidence to the contrary. Defendant California Casualty Indemnity Exchange (CCIE), abruptly canceled the Plaintiffs' insurance in the absence of any notice, whether that be written or oral. The Defendant, California Casualty Indemnity Exchange had an obligation pursuant to Code of Maryland Regulation 31.08.03.04 to provide the Plaintiff and his family notice of their intent to cancel Plaintiffs' insurance; Defendant California Casualty Indemnity Exchange had an obligation, whether by statute or the policy that governed their issuance and maintenance of insurance, to provide the Plaintiffs notice prior to the cancellation of Plaintiffs' insurance; violating Fair Debt Collection Practices Act (FDCPA) in which Debt collection agencies must operate. Federal questions lie at the heart of this action because Defendants engaged in retaliation and discrimination and they have contractual ties with the Union which

3

Plaintiff Mr. Mua has sued in Federal court. (See *Federal Case No. 8:15-cv-02249-PJM Mua v. Board of Education of Prince George's County/Prince George's County Public Schools et al; Federal Case No. 8:14-cv-02070-PJM Mua v. The Maryland Office of the Attorney General et al; Federal case No. 8:14-cv-02334-PJM Mua v. The O'Neal Firm, LLP et al.* Already, these cases are on appeal in U.S Court of Appeals for Fourth Circuit. However, there is another Federal case pending in Greenbelt Maryland concerning discrimination and retaliation which addresses similar issues. *Federal case No. 8:11-cv-01198-PJM Mua v. Board of Education of Prince George's County.*

3.       Plaintiffs alleges that a special relationship existed between Defendant CCIE and Plaintiff.  A special relationship may be established by: 1) statue or rule; 2) contractual or other relationship; or inadvertently or implied by virtue of the relationship between the tortfeasor and a third party.  *Grimes v. Kennedy Krieger Inst., Inc.*, 366 Md. 29, 782 A.2d 807 (2001). A valid Contract existed between the Plaintiff and Defendant California Casualty Indemnity Exchange (CCIE), which set forth all of the agreements, conditions, understandings, promises, warranties, and representations" of the parties.

4.       and That, Defendant, California Casualty Indemnity Exchange, breached their duty to Plaintiff and his family by not providing reasonable accommodations soon after the traffic incident, by not acting reasonably in light of the contractual agreement between Plaintiff and Defendant, and by not acting reasonably as required by Maryland state statute. Plaintiff and his family requested assistance with the rental car and help in resolving the dispute with the personalities who caused the accident. Defendant California Casualty Indemnity Exchange refused to return calls and the customer service was below expectation. Defendant California Casualty Indemnity Exchange, abruptly canceled the Plaintiffs' insurance in the absence of any

4

notice, whether that be written or oral. The Defendant had an obligation pursuant to Code of Maryland Regulation 31.08.03.04 to provide the Plaintiff and his family notice of their intent to cancel Plaintiffs' insurance; That, Defendant California Casualty Indemnity Exchange had an obligation, whether by statute or the policy that governed their issuance and maintenance of insurance, to provide the Plaintiffs notice prior to the cancellation of Plaintiffs' insurance;

5.      That, the Defendant CCIE was negligent in that, the Insurance Company had an ongoing duty to provide insurance coverage and to both comply with the policy and governing statutes of the State of Maryland with regards to affording notice to the Plaintiffs prior to the cancellation of any and all insurance. Despite that duty, the Defendant executed cancellation of the Plaintiffs' automobile insurance in the absence of any notice. Defendant CCIE was also negligent in another aspect, in that, Defendant secured services of unlicensed debt collector Marsden & Seledee LLC to pursue a debt when there were outstanding issues between the Plaintiffs and the Defendant CCIE. Defendant Marsden & Seledee LLC was negligent to interfere with the Maryland state court in order to secure a win using fraudulent means.

6.      That, Defendant California Casualty Indemnity Exchange cancelling of automobile insurance was intentional act and was negligent because Plaintiffs was of a different national origin (Kenyan). This occurred shortly after uncomfortable conversations with an agent of Defendant California Casualty Indemnity Exchange concerning the $5,128.83 check.    The Discrimination is evidenced by the agent asking Plaintiffs Josephat Mua about his background which had nothing to do with the accident. The Plaintiff was not the driver at the time of the accident but the Defendant switch things around. That, Defendant California Casualty Indemnity Exchange violated section 5 of The National Association of Insurance Commissioners (NAIC).

5

7. That, NAIC is the U.S. standard-setting and regulatory support organization created and governed by the chief insurance regulators from the 50 states, the District of Columbia and five U.S. territories. That, Section 5 of NAIC as well as Maryland law states the following " An insurance shall not terminate a policy because of the insured's race, color, creed, national origin, ancestry, gender, sexual orientation or marital status. That, Defendant California Casualty Indemnity Exchange cancelled insurance without any notice whatsoever and with malice based on Plaintiffs Josephat Mua's national origin. Section 8 of NAIC states a notice must be given before cancellation of insurance policy can ensue.

8. Essentially, the State Court Action centers on alleged misconduct by the Defendants directed at the Plaintiffs as well as alleged infringement of rights in the State court and in United States District Court in Greenbelt Maryland

9. As discussed below, although the Petition asserts state law causes of action, federal question jurisdiction exists here because federal questions of law are necessarily raised, are actually disputed, are substantial and are capable of resolution in federal court in Baltimore without disrupting federal-state comity. See Grable & Sons Metal Prods., Inc. v. Darue Eng 'g & Mfg, 545 U.S. 308, 314 (2005) (holding that federal question jurisdiction applies to certain state-law claims that implicate significant federal issues and outlining the four factor test to determine whether federal question jurisdiction applies); see also Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013) (reiterating and applying the Grable factors). In addition, some of the Defendants are based on another jurisdiction and they have ties with the claims already in Federal court including fraud committed in the District of Columbia and in Prince George's County.

## **BACKGROUND**

9.      This Court is a proper venue for removal pursuant to 28 U.S.C. 51441 (a) because Plaintiff filed the State Court Action on April 28, 2016 in the Circuit Court of Montgomery County, State of Maryland.

10.     Due to ongoing retaliation and discrimination in Montgomery County and other violations which occurred in Baltimore City involving Maryland office of the Attorney General and Maryland State Department of Education, Plaintiffs were advised to file the claim in Baltimore city Circuit Court instead of Montgomery County by Attorney J. WYNDAL GORDON, ESQ.

11.     On  May 3rd 2016, Plaintiffs filed the Baltimore Circuit Court action and dismissed the Montgomery County action on May 4th, 2016 without prejudice.

12.     That, Plaintiffs filed a notice to dismiss the case without prejudice due to a similar complaint in Baltimore City but was advised by the Baltimore Circuit court clerk of court not to dismiss the Montgomery County Circuit court case because some of the misconduct alleged in the complaint arose in Montgomery County District Court.

13.     That, on May 12th, 2016, Plaintiffs filed a Federal action in Baltimore Federal court due to ongoing retaliation and racism in Montgomery County.

14.     That, On July 19th, 2016, the Montgomery County Circuit court then dismissed the action after Plaintiffs requested an extension of time due to various conflicts in the U.S Court of Appeals for Fourth Circuit including conflict on July 29th, 2016 hearing and brief submission which was scheduled at the same time with the hearing pertaining to another case.

15.     Pursuant to 28 U.S.C. S 1446(a) and any other statute including protection by Title VII, Plaintiff attaches to this Notice of Removal to Federal court.

7

16.    A copy of all process, pleadings and orders served upon it in the State Court Action are being transmitted to the Federal court within 30 days.

17.    Defendants California Casulty Indemnity Exchange, Marsden & Seledee were served via their agent for service of process within the State of Maryland on or around May 16th, 2016 and other dates. Accordingly, this Notice of Removal is being filed due to discrimination and retaliation within the state agency and racism, retaliation and discrimination is the main reason why the removal has become necessary involving state of Maryland and the complaint has federal questions.

18.    This Notice of Removal is based on the Petition, which was formally served on Defendants and since Montgomery County Circuit Court is an interested party and most of the violations occurred there, Plaintiff are filing less than 30 days ago since the last incident happened, and is therefore timely filed. Plaintiff reverse the right to remand the case to Circuit Court of Montgomery County or to a neutral county which can hear the dispute because some of the violations involving State agencies occurred in Montgomery County.

19.    As more fully stated below, the State Court Action is being "removed solely under [28 U.S.C. 14416)." 28 U.S.C. 1446(b)(2)(A) and any other statute including protection of Title VII. As such, California Casualty Indemnity Exchange and Marsden & Seledee LLP, i.e. the only defendants "who have been properly joined and served," to date. This action is removed to Federal court due to concurrent action involving discrimination and retaliation *inter alia*. The actions in Federal court are related, and without prejudice to any Defendant's defenses (including, without limitation, lack of personal jurisdiction). Plaintiff requested Defendants to consolidate the actions in one forum due to judicial economy on June 22, 2016 and on September 22, 2016 and they refused.

8

20.     Pursuant to 28 U.S.C. S 1446(d) and Title VII, undersigned Plaintiff certifies that promptly after the filing of this Notice of Removal, copies of the Notice will be served on opposing counsels and filed with the Clerk of Court of the Judicial District Court for U.S District Court in Baltimore Maryland, as provided by law, to affect the removal of the State Court Action within 30 days.

21.     The State Court Action is removable because the U.S Federal Court has original jurisdiction pursuant to 28 U.S.C. 1331 and 1338(a) because Plaintiff Petition requires the resolution of substantial questions of federal law, including Discrimination, retaliation under Title VII and Title VI and due to organized scheme, and removal is, therefore, proper under 28 U.S.C. 1441.

## GROUNDS FOR REMOVAL

### Federal Question Jurisdiction Exists Under the Grable Doctrine.

22.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. 1441 and 1454 because this action originally could have been filed in the Federal Court under 28 U.S.C. §§1331 and 1338(a). Under Section 1331, federal jurisdiction is present when a Plaintiff's well pleaded complaint demonstrates that "'federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Singh v. Duane Morris LLP, 538 F.3d 334, 337-38 (5th Cir. 2008)* (quoting Franchise Tax *Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)*). The Supreme Court has recognized that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 133 S.Ct. at 1065 (citing Grable, 545 U.S. at 314); accord Hughes v. Chevron Phillips Chem. Co., 478 Fed.

Appx. 167, 170 (5th Cir. 2012) (unpublished); Bd. of Comm 'rs of the See La. Flood Prot. Auth. _East v. Tenn. Gas Pipeline co., 29 F. supp. 3d 808, 853 (E.D. La. 2014). Each of the four Grable requirements is satisfied here. Thus, federal question jurisdiction exists and removal is appropriate due to continuous violations and retaliation by the defendants in this case and the state agents working under color of law.

A. **Issues Of Federal Law Are Necessarily Raised By Plaintiffs' Claims.**

23. Federal question jurisdiction exists whenever a "plaintiffs right to relief necessarily depends on resolution of a substantial question of Discrimination and retaliation federal law, in that continuous violation of Title VII or Title VI law is a necessary element of one of the well pleaded claims." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004) (citing Christianson v. Colt Indus, Operating Corp., 486 U.S. 800, 809 (1988)). This Court has jurisdiction because Plaintiffs claims necessarily require a determination regarding the validity and/or enforceability of violation of Title VII and retaliation which ensued and whether Defendants violated the rights of the Plaintiffs when they joined forces with the state of Maryland. The case is currently in progress in Federal court.

24. 28 U.S.C. 1338(a) mandates that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to Discrimination and title VII violations, retaliation for free speech rights as a reporter. Federal question jurisdiction exists under 1338(a) whenever a plaintiff pleads a claim that: (1) arises out of federal law; or (2) necessitates the resolution of a "substantial question" of federal law for plaintiff to prevail. See Christianson, 486 U.S. at 809.

25. Challenges to the validity and enforceability of a United States violation of Title VII implicate federal law as equally as infringement claims. See Conroy, 325 F. Supp. 2d at

10

1055 ("Challenges to the validity or enforceability of a patent . . . raise a federal question in the same way that an infringement claim otherwise would."); see also Hunter Douglas, Inc. v. Harmonic Design, Inc., 153 F.3d 1318, 1330 (Fed. Cir. 1998), overruled on other grounds by *Midwest Indus., Inc. v. Karavan Trailers, Inc., 175 F.3d 1356 (Fed. Cir. 1999)*

## APPLICABLE LAW

The federal removal statute allows a parties to remove a case to federal court if the action is one over which "the district courts of the United States have original jurisdiction." **28 U.S.C. § 1441(a)**. Federal district courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The basis for such jurisdiction must be present in the complaint, rather than in any affirmative defenses raised by the defendant. See King v. Marriott Int'l, Inc., 337 F.3d 421, 424 (4th Cir. 2003). Even where a cause of action is not directly created by federal law, subject matter jurisdiction may still exist where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 314 (2005). However, removal jurisdiction is not favored, and a court must "construe it strictly in light of the federalism concerns inherent in that form of federal jurisdiction." In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). The party seeking removal bears the burden of showing that removal is proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

There are three possible grounds for federal question jurisdiction. First, a plaintiff could assert a federal claim in the complaint (i.e., the federal law creates the cause of action). Second, under the artful pleading doctrine, a state law claim could be re-characterized as a federal claim.

11

A claim is artfully pled when plaintiff attempts to defeat removal jurisdiction by failing to plead necessary federal question jurisdiction in the complaint. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 22 (1983). Third, a state law claim could necessarily turn on the construction of a substantial, disputed federal question. Rains v. Criterion Sys., Inc., 80 F.3d 339, 343 (9th Cir. 1996). "The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813 (1986).

26.     A petition need not explicitly state a federal claim for removal to be appropriate. Rather, any state law claim that requires the adjudication of a substantial question of federal patent law implicates federal jurisdiction. See, e.g., Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 986 F.2d 476, 478 (Fed. Cir. 1993) (under state law, "a business disparagement claim requires plaintiff to prove, as part of its prima facie case, the falsity of defendant's allegedly disparaging statements. . . . To prove this aspect of its case (falsity), [plaintiff] must show that its product does not infringe the [patent at issue]. Thus, [plaintiff's] right to relief necessarily depends upon resolution of a substantial question of patent law[.]" (internal citation omitted)).

27.     In this case, Plaintiffs claims are predicated on its contention that "Defendants engaged in misconduct which is ongoing in the state court. There is a casual connection with the activities of the state agency and the defendants misconduct fueled by discrimination. In support of its contentions, Plaintiffs makes several allegations that plainly require a determination of the validity and/or enforceability of Defendant California Casualty Indemnity Exchange and Marsden & Seledee LLC et al and whether they engaged in misconduct alleged.

12

28.     As but one example, the Plaintiff alleges retaliation for filing grievances and that Defendants engaged in inequitable conduct. There is a casual connection of retaliation in this case. success on Plaintiffs claims would require a <u>finding</u> of, inter alia, inequitable conduct, Defendants engagement of fraud and infringement litigation. Both inequitable conduct and fraud require resolution of substantial questions of federal law; e.g., whether Defendants engaged in unlawful conduct in the state of Maryland. There are genuine issues of material fact regarding "the question of inequitable conduct" by citing to the Federal Circuit's decision in In re Metoprolol Succinate Patent Litig., 494 F.3d 1011, 1020-21 (Fed. Circ. 2007), which remanded the district court's grant of summary judgment on the issue of inequitable conduct for that exact reason.

## B. Federal Law Issues Upon Which Plaintiff's Claims Depend Are Actually Disputed.

29.     Federal law issues in this case e.g. (1) whether Defendant California Casualty Indemnity Exchange engaged in inequitable conduct before the state proceedings; (2) whether Defendant Marsden & Seledee improperly abused the courts in collecting debt without a license. ; and (3) whether Marsden & Seledee violated Fair debt collection acts. (4) whether discrimination and retaliation was the motivating factor.

### C. Federal Issues Upon Which Plaintiff's Claims Depend Are Substantial.

(i.) Whether Defendants engaged in discrimination and retaliation, conduct before the state court, whether Marsden & Seledee and Defendant California Casualty Indemnity Exchange engaged in an organized scheme in Maryland *inter alia*, and whether Defendants violated FDCA and involve substantial issues of federal law. Substantiality "looks to the importance of the issue to the federal system as a whole." See Gunn v. Minton, 133 S. Ct. at 1066; accord Bd. of Comm 'rs, 29 F. Supp. 3d at 859.

13

(ii.) In Grable, the Supreme Court held that whether the defendant was given adequate notice under federal law by the IRS was a substantial issue of federal law that supported federal question jurisdiction over a state-law quiet title action. The Supreme Court stated that the federal government has "a strong interest in the prompt and certain collection of delinquent taxes" and a "direct interest in the availability of a federal forum to vindicate its own administrative action" and held that the "controversy respecting the construction and effect of the [federal] laws is involved and is sufficiently real and substantial" to support federal question jurisdiction. 545

U.S. at 316.

30. In a recent case, the Eastern District of Louisiana found that federal question jurisdiction existed under Grable and Gunn, and set forth numerous factors that bear on the substantiality analysis:

> (1) whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (i.e., not trivial); (3) whether a decision on the federal question will resolve the case (i.e., the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases (i.e., the issue is not anomalous or isolated).

Bd. of Comm 'rs., 29 F. Supp. 3d at 861 (quoting Mikulski v. Centerior Energy Corp., 501 F.3d 555, 570 (6th Cir. 2007)).

### D. Federal Issues Are Capable Of Resolution In Federal Court Without Disrupting The Federal-State Balance Approved By Congress.

30.     It is not typical for state court lawsuits to turn on the resolution of Discrimination and retaliation, *inter alia*, Rather, the Supreme Court has held that federal law preempts state causes of action that depend on establishing fraud on a federal agency. See Buckman Company v. Plaintiffs' Legal Committee, 531 U.S. 341347-48 (2001) (holding that state law claims for

14

fraud on the Federal Food and Drug Administration were preempted by federal law and explaining that "the relationship between a federal agency and the entity it regulates is inherently federal in character because the relationship originates from, is governed by, and terminates according to federal law.")

31.     Therefore, resolving the issues that are squarely within the province of federal law will not disturb the federal-state balance approved by Congress. As the Supreme Court recognized, "policing fraud against federal agencies is hardly a field which the States have traditionally occupied." Buckman, 531 U.S. at 347; see also Grable, 545 U.S. at 315 ("[Blecause it will be the rare state title case that raises a contested matter of federal law, federal jurisdiction to resolve genuine disagreement over federal tax title provisions will portend only a microscopic effect on the federal-state division of labor."); accord Bd. of Comm 'rs, 29 F. Supp. 3d at 863 ("Plaintiffs claims in this matter are not typical state law negligence and contract claims ....federal courts are particularly familiar with the federal regulatory scheme that forms the foundation of Plaintiffs claims.. As was true in Grable, "jurisdiction over actions like [Plaintiffs] would not materially affect, or threaten to affect, the normal currents of litigation," and thus "there is no good reason to shrink from federal jurisdiction over the dispositive and contested federal issue at the heart" of this lawsuit. 545 U.S. at 319-20.

32.     Because this Court has original jurisdiction over the State Court Action, it is removable to Federal Court due to continuous retaliation and discrimination involving the State of Maryland and the Defendants in this case. See 28 U.S.C. 1331, 1338, 1441, and 1446.

**WHEREFORE**, Plaintiff Josephat Mua pro se hereby respectfully give notice that the State Court Action in Montgomery County is removed to Federal Court. And that the Montgomery County Circuit Court will act no further until the Federal court in Baltimore has decided on the matter or remanded the case.

Josephat Mua Pro Se Litigant
2332 London Bridge Drive
Silver Spring Md, 20906
Tel: 301-919-4939

**Monday, September 26, 2016**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this Monday, September 26, 2016 a copy of the foregoing NOTICE OF REMOVAL, were served upon the Defendants through the U.S Postal service mail at the following;

Joel Seledee
1 North Charles Street
Suite 2300
Baltimore, MD 21201

Thomas V. McCarron
James O. Spiker, IV
Semmes, Bowen & Semmes
25 S. Charles Street, Suite 1400
Baltimore, MD 21201

**Josephat Mua, Pro Se Litigant**
2332 London Bridge Drive
Silver Spring Md, 20906
Tel: 301-919-4939

16