## IN THE CIRCUT COURT OF MONTGOMERY COUNTY, MARYLAND

JOSEPHAT MUA &
2332 LONDON BRIDGE DR.
SILVER SPRING, MD 20906


PLAINTIFF

    V.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

CASE No. 420645V


California Casualty Indemnity Exchange et al.
P.O Box 39700
Colorado Springs
CO, 80949

Marsden & Seledee
1 North Charles Street
Suite 2300
Baltimore, MD 21201

The O'Neal Firm, LLP
700 12TH Street NW
Suite 700
Washington, DC 20005

Serve on: Ardra O'Neal

Thatcher Law Firm
7849 Belle Point Office Park,
Belle Point Drive,
Greenbelt, Maryland 20770

Serve on: Linda Hitt Thatcher
2004 Bermondsey Drive
Mitchville Md 20721

Mitchell I. Batt (Individual capacity)
Sullivan, Talbott & Batt
77 South Washington Street
Suite 304
Rockville, MD 20850

1

Serve on: Mitchell I. Batt                               *
                                                         *
Bryan Chapman                                            *
325 Pennsylvania Avenue, S.E.                            *
Washington, D.C. 20003                                   *
                                                         *
Serve on: Mr. Bryan Chapman                              *
                                                         *
Mr. Raouf Abdullah (Individual capacity)                 *
RMA & Associates, LLC                                    *
14714 Main St.                                           *
Upper Marlboro, MD 20772                                 *
                                                         *
Serve on: Mr. Raouf Abdullah                             *
                                                         *
Robert E. Cappell                                        *
3405 Epic Gate,                                          *
Bowie, MD 20716                                          *
                                                         *
        Serve on: Mr. Robert E. Capell                   *

C. Sukari Hardnett (Individual capacity)                 *
Hardnett & Associates                                    *
850 Sligo Ave 2nd  Floor                                 *
Silver Spring Md, 20910                                  *
                                                         *
Serve on: C. Sukari Hardnett                             *
                                                         *
Bradford Associates                                      *
2622 Fairfax Drive                                       *
Arlington, VA 22201                                      *
                                                         *
Serve on: Bradford Roe                                   *
                                                         *
Pessin Katz Law, P.A.                                    *
10500 Little Patuxent Parkway                            *
Suite 650                                                *
Columbia, MD 21044                                       *
                                                         *
Serve on: Drake Zaharris                                 *
                                                         *
Maryland State Education Association                     *
140 Main Street                                          *
 Annapolis, MD 21401                                     *
                                                         *
Serve on: Kristy Anderson                                *

2

```
                                                    *
Association of Supervisory & Administrative School
1300 Caraway Court, #204                             *
Largo, MD 20774                                      *
                                                    *
Serve on: Mr. Dwayne Jones                          *
                                                    *
Shani K. Whisonant, Esq.                            *
Associate General Counsel                           *
Prince George's County Public Schools               *
14201 School Lane                                   *
Suite 201-F                                          *
Upper Marlboro, MD 20772                            *
                                                    *
        Serve on: Shani K. Whisonant, Esq.          *
                                                    *
O'Malley, Miles, Nylen & Gilmore, P.A               *
11785 Beltsville Dr 10th Floor                       *
Calverton, MD 20705                                 *
                                                    *
        Serve on: William McKay Shipp, Esquire      *
                                                    *
THE MARYLAND STATE                                  *
DEPARTMENT OF EDUCATION                             *
200 West Baltimore Street                            *
Baltimore, Md 21201                                 *
                                                    *
Serve on: Mr. Brian E. Frosh, Attorney General      *
        DEFENDANTS                                  *
                                                    *
```

## 2ND AMENDED COMPLAINT AND JURY DEMAND

**Comes now** Plaintiff, Josephat M. Mua ("Mr. Mua"), and hereby files this civil action against Defendants California Casualty Indemnity Exchange, Marsden & Seledee; The O'Neal Firm, LLP; Thatcher Law Firm; Mr. Mitchell Batt; Mr. Bryan Chapman; Mr. Raouf Abdullah; Mr. Robert E. Cappell; C. Sukari Hardnett, Maryland State Education Association (MSEA); Association of Supervisory & Administrative School (ASASP); Pessin Katz Law, P.A.; Bradford Associates and the Maryland State Department of Education. Plaintiff brings this civil action against Defendants for deprivation of rights through harassment after wrongful termination through hostile work environment in violation of Title VI, Title VII of the Civil Rights Act of 1964, due process violation under 42 U.S.C. § 1983 as well as violations of Maryland State Code §20-601 et seq., the Maryland Fair Employment Practices Act ("FEPA").

3

### PRELIMINARY STATEMENT

This action originated from Washington DC Small claims court through an order of the court due
to fraud and Misconduct *inter alia* exhibited by the Defendant O'Neal Law Firm and other
conspirators with an aim to defeat justice in Maryland. (See Exhibit 1). The case was set to go on
trial in Washington DC. However, Plaintiff Mr. Mua wanted the case heard at the same time in
Maryland together with other claims in order to avoid doctrine *res judicata, collateral estoppel
and statute of limitations.* After Honorable Judge Craig Iscoe heard the arguments, he dismissed
some claims and kept others and set a trial. Shortly after that, plaintiff Mr. Mua filed a motion to
transfer venue which was granted in part. During the U.S District Court in Maryland declined
supplemental jurisdiction over claims and there was no hearing. However, the violations are
continuing in nature which made the Plaintiff refile this action in the court.

Other violations which are connected and continuing involve illegal activities of
Defendant California casualty Indemnity Exchange (CCIE) and Defendant Marsden Seledee
which involve Contractual violations, retaliation after Plaintiff Mr. Mua filed a complaints of
wrongdoing in the Prince George's County against the Union with ties to CCIE. This action
seeks relief from the courts because of CCIE's blatant failure to adhere to the contractual
administrative procedures governing wrongful termination of contract and refusal to reimburse
car rental expenses as agreed. CCIE hired unlicensed collection agency to collect debt in
Maryland and the illegal activities of Marsden & Seledee caused damages to the Plaintiff Mr.
Mua. The procedures – by which Marsden & Seledee admits it is bound – legally require the
Defendant M&S to follow the guidelines laid down by The Fair Debt Collection Practices Act
(**FDCPA**) of which it failed to follow and later changed the contract to cover their illegal
activities. The U.S Supreme Court requested the Defendant CCIE and Marsden & Seledee to file

4

a response in the U.S Supreme Court by September 12, 2016 and by the time of filing this Complaint had failed to do so. Instead they chose to defeat justice by filing misleading documents in the court and engagement with coconspirators to defeat justice. This matter also involves Defendant CCIE which is interconnected and arises out of a motor vehicle incident that occurred on August 26th, 2011; Francoise Vandenplas wife to the Plaintiff was involved in a car accident in the District of Maryland. Francoise Vandenplas is very lucky to be alive. She was the third car stopped at a red light. Another driver rear-ended her at a high speed. That, the impact was so strong, it pushed her car into the 2nd car and the 2nd car was pushed into the 1st car, which were all stopped in the red light. Francoise Vandenplas was driving the 3rd car which hit the 2nd car as a result of the impact. The responsible driver insured by Allstate insurance company who caused this accident told the Francoise Vandenplas that "it was not his only accident." That, this incident caused a substantial financial loss for the Plaintiff Mr. Mua and his family. In the beginning the Plaintiff Mr. Mua relied on the counsel of Defendant Raouf Abdullah who engaged in deceit in Prince George's County. That, at first the Defendant California Casualty Indemnity Exchange said it would fix the car. That, the Defendant later retracted and said the car was totaled. That, at that point Plaintiff and his family had not been looking for another car, in reliance upon Defendant California Casualty Indemnity Exchanges communication that it would fix Plaintiff's car. That, Defendant California Casualty Indemnity Exchange promised to reimburse car rental or assist with reimbursement but upon a later date refused to communicate to Plaintiff and his family, thereby not fulfilling reimbursement requirement at the beckoning of the Union and other defendants involved in the same violations. That, Defendant California Casualty Indemnity Exchange chose not to assist the Plaintiff despite the obligations to do so according to Maryland law. That, Plaintiff's wife was not at fault. Francoise Vandenplas was

stopped at a red light. Defendant California Casualty Indemnity Exchange issued the Plaintiff a check for $5,128.83 without an explanation. Due the ambiguous purpose of the check, the Plaintiff retained the check for 3 months, causing it to expire. Upon seeking counsel with an attorney, the attorney instructed Plaintiff Mr. Mua to cash the check. That, Plaintiff Josephat Mua contacted the Defendant California Casualty Indemnity Exchange concerning the uncashed check and reimbursement of rental car expenses which totaled more than $1,000 and the Plaintiff was issued a new check for $5,128.83 without any explanations and assumed it was towards the rental car and other associated costs connected to the problem. That, Plaintiff did in fact incur expenses which were not covered by Allstate insurance and the Defendant CCIE and the other defendants engaged in discrimination and retaliation including California Casualty Indemnity Exchange agent who slammed the phone down saying it was not their issue. That, Defendant CCIE failed to notify the Plaintiff and his family of insurance termination which was done maliciously and without warning to the Plaintiff and his wife in the middle of difficult economic times. That, Defendant California Casualty Indemnity Exchange ignored or refused to perform services or assist the Plaintiff for which the Defendant California Casualty Indemnity Exchange was contractually obligated. That, Plaintiff made inquiries of what actions to take and were advised by an attorney that, Insurance companies operating in Maryland have a very strong lobby and protection from the politicians and that suing them for damages is hard. Plaintiff incurred damages as a result of the tortious acts by the Defendant CCIE. The insurance that Mr. Mua was forced to purchased was substantially higher than his original monthly payments from Defendant CCIE. But for the irresponsible and unethical actions Plaintiff Mr. Mua would not have purchased the significantly more expensive insurance. After more than two years of breach of contract by the Defendant CCIE and attorney defendants hired by Plaintiff Mr. Mua, and after

Plaintiff and his family signed up with another insurance company which was a set up by the Defendants, Defendant California Casualty Indemnity Exchange contacted the Plaintiff Mr. Mua for reimbursement of $5,128.83 check which led to this lawsuit based on the tortious acts of the Defendants.

Plaintiff Mr. Mua served Prince George's County Public Schools for almost ten years, from October 2001 until June 2010. He was a teacher and later on; became an IT Technician II through a directive of his employer. He was seconded to a union which was not open to teachers after his teaching position was eliminated in retaliation for engaging in a protected activity on behalf of others. During his tenure in Prince George's County Plaintiff Mr. Mua worked hard and advanced from the rank of a classroom teacher to that of Business Department Chairman and eventually Technology Coordinator. In June 2004, Plaintiff Mr. Mua's managers sent him to the University of California at Los Angeles to study computer network systems. There was only one other person chosen to attend. As a result of his participation in the program, Plaintiff Mr. Mua became a certified Oracle® and Java® instructor. He also was instrumental in the school system receiving a grant of hundreds of computers and software from Oracle. On July 22, 2005, Mr. Mua was appointed the chairman of the Business Department for 2005-2006 year by Principal Dr. Horrigan at Parkdale High School where he supervised fourteen teachers. Following that appointment, in 2006, Mr. Mua successfully completed an administrative I internship at Parkdale High School under the guidance of Principal Dr. Horrigan and School of Education at Catholic University supervised the program. As Technology Coordinator Plaintiff Mr. Mua had many duties, including but not limited to training teachers to use computers, repairing computers and tracking inventory. During that time, he worked closely with his colleagues and was engaged in a

7

sheltered action on behalf of others because of willful violations of labor laws by his employer "PGCPS".

Being an African man in Prince George's County Public Schools was never easy. Plaintiff Mr. Mua helped create and was actively involved with groups intended to provide support to the Children, men and women of the Prince George's County Public Schools. He was instrumental in initiating change management within the Technology Department. In 2006, when the wide-scale use of computers in the school system of Prince George's County commenced, the majority of teachers, administrators and students were unskilled in computer technology. There were no procedures for inventorying computers and there was no protocol to track the computers in use. As a result, Prince George's County school employees were failing to return computers and many employees were using their privately owned computers at school. The school community did not understand the need for computer security and the value of networking. As a result, there was complete chaos throughout the school District and no accountability for laptops, desktops, monitors, projectors, and software. In addition to these deficiencies, very few knew how to trouble shoot or repair the equipment. Nor was anyone to provide Information Technology ("IT") support. The school system relied upon contractors in resolving most of the Technical issues. Beginning in 2006, as a result of those activities, Plaintiff Mr. Mua began to experience harassment and other unacceptable conduct from his colleagues and supervisors. As a result, Plaintiff Mr. Mua filed grievances with his Union starting in 2006 until his termination. As a result of the filing of union grievances, Plaintiff Mr. Mua was terminated wrongfully in retaliation while on approved Family medical leave (FMLA) in June 18th, 2010.

8

As a result of the wrongful termination and other willful violations by his employer Board of Education for Prince George's County and other defendants engaged in conspiracy, Misconduct, abuse of process and fraud while prejudicing Plaintiff Mr. Mua. On June 18th, 2012, Defendants misled the Federal court in conspiracy to defeat justice after which the court stayed the case and dismissed the wrongful termination with prejudice. After Plaintiff Mr. Mua won his case in the Maryland office of the administrative hearings, Defendants conspired again and retracted his award through retaliation and with malice. There was a lot of misconduct involving the public officials in Prince George's County who openly and covertly bribed the Attorneys Plaintiff Mr. Mua hired in order to defeat justice. To this extend, various defendants conspired to damage Plaintiff Mr. Mua's case with malice by hiding critical evidence, refusing to docket evidence for the judge to see the issues and filing lawsuits which did not meet the threshold required of a proper complaint or even filed a wrong case all together. As a result of this conspiracy which was funded by Thatcher Law Firm, agents of the Board of Education for Prince George's county, agents of the Maryland State Department of Education, Dr. William Hite Jr, Ms. Verjeana Jacobs, Monica Goldson among others. Plaintiff Mr. Mua lost all his cases as a result of the fraud, conspiracy and misconduct involving public officials in Maryland. Each Defendant played a critical role in defrauding, conspiring, breaching contracts Plaintiff Mr. Mua had with his employer and the Unions. Above all, the Defendants sought to initiate malicious claims in Washington DC, Anne Arundel County courts against Plaintiff Mr. Mua with the sole purpose of retaliating, conspiring and abusing the process in order to tie him down with the court system and damage his character. Plaintiff reported these malicious activities to the authorities including elected officials. As a result of these malicious actions, Plaintiff Mr. Mua incurred damages and losses.

## PARTIES

1. Plaintiff Josephat M. Mua, at all times stated herein, were and currently resides in Montgomery County at 2332 London Bridge Drive in Silver Spring, Maryland. Plaintiff Josephat Mua began his employment with PGCPS in 2001 as a long term substitute teacher. Plaintiff became a permanent teacher in 2002 and a member of the Prince George's County Educators' Association (PGCEA) labor union at that time. On July 1, 2007, Plaintiff became a member of ACE-AFSCME, Local 2250 (the "Union") at the directive of his employer in retaliation. As such, plaintiff's employment with PGCPS and the termination thereof has been contractually governed by a collective bargaining agreement between the Unions and PGCPS.

2. Defendant Ardra O'Neal is the owner of The Defendant O'Neal Firm, LLP a law firm which is based in Washington DC and conduct business in the State of Maryland and in Washington DC. The Principal Attorney of the O'Neal Firm resides in Maryland.

3. Defendant Thatcher Law Firm is a law firm which is provider of legal services to the Board of Education for Prince George's County and Dr. William Hite Jr among others. It focuses on representing clients in Maryland, the District of Columbia and New York. The firm has been at the center of the issues affecting Plaintiff Mr. Mua since he began court action within the state and federal court. Defendant Thatcher law Firm continues to be the epicenter for Corruption and Maladministration in Prince George's County Public Schools as discovery will reveal.

4. Defendant Mitchell I. Batt is upon information and belief, sui juris, and a resident of the State of Maryland. Mr. Batt serves suburban Maryland, Washington, D.C. and Northern suburban Virginia in state and federal courts in variety of issues. His principal office is based in Rockville Maryland. Plaintiff Mr. Mua engaged Mitchell I. Batt for state and administrative hearings on or around May 2011 through September 2011.

10

5.  Defendant Bryan Chapman is upon information and belief, sui juris, and a resident of the State of Maryland. His business is based in Washington DC but he resides in Bowie Maryland. He focuses on Employment discrimination and retaliation in Federal court. Plaintiff Mr. Mua engaged Mr. Chapman for EEOC complaint and Employment discrimination claim in Federal Court on or around May 5th, 2011.

6.  Mr. Rauf Abdullah is upon information and belief, sui juris, and a resident of the State of Maryland.  His law firm is based in Upper Marlboro Maryland which specializes on a variety matters including Administrative Law. Plaintiff Mr. Mua engaged Mr. Rauf Abdullah for Administrative hearings, Employment discrimination, defamation both claims in Federal and state Courts beginning in September 2011 and he conspired with the other Defendants including Defendant Thatcher Law Firm to defraud him.

7.  Defendant Robert E. Cappell is upon information and belief, sui juris, and a resident of the State of Maryland. He is an Attorney based in Bowie Maryland. His Legal practice includes personal injury, personal injury and medical malpractice, Employment discrimination and retaliation in Federal court. Plaintiff Mr. Mua engaged Mr. Cappell for EEOC complaint and Employment discrimination claim in Federal Court on or around January, 2012.

8.  Defendant C. Sukari Hardnett Esq. is upon information and belief, sui juris, and a resident of the State of Maryland. She is a lawyer who runs a non-registered law firm "Hardnett & Associates" which is based in downtown silver spring. Plaintiff Mr. Mua engaged C. Sukari Hardnett Esq through the union for EEOC complaint and Employment discrimination claim in Federal Court on or around March 2011, April 2012, May 2012 and around June 2012.

9.  Defendant Bradford Associates is a leading provider of court reporting and litigation support services with contract transcriber services with the Board of Education for Prince George's

County. They engaged in falsifying transcripts and conspired with Prince George's County Public Schools, Defendant Thatcher Law Firm, Defendant Mitch Batt, Defendant Raouf Abdullah to tamper with transcripts among other issues.

10. Defendant Pessin Katz Law, P.A is a law firm based in Columbia Maryland with contractual ties with the Board of Education for Prince George's County. The law firm engaged in due process violations, defamation, conspiracy to defraud and cover up of fraud during the administrative and court hearings for the plaintiff Mr. Mua in Maryland.

11. Defendant Maryland State Education Association is a leading union for teachers and professional staff in Maryland. Defendant MSEA provide legal aid and "expert" assistance to members, whenever needed. MSEA had the responsibility of working to ensure fair, transparent evaluations, while promoting better working conditions and upholding its statutory duty and contractual obligation to plaintiff. The union lawyer of MSEA engaged in due process violations by engaging in fraud and misconduct after he joined forces with the Thatcher law firm and other Defendants in this action. The union lawyer Mr. Damon Felton maliciously withdrew Plaintiff's case from arbitration without any notice to the plaintiff.

12. Defendant Association of Supervisory & Administrative School (ASASP) is a labor organization that is the exclusive collective bargaining representative relating to salary, wages, hours and other working conditions for approximately 800 administrators, supervisors, and other professionals employed by Prince George's county public schools who are designated by the Board of Education as members of Unit II and Unit III.

13. Defendant California Casualty Indemnity Exchange is a corporation registered in the State of Maryland. It is engaged in the business of providing insurance coverage throughout the

12

state of Maryland and it might be responsible for insurance coverage for some of the defendants in this action including Maryland State Education Association. Defendant does substantial business in this judicial District by selling and issuing insurance to Maryland residents, and may be found in this District.

14. That, Defendant MARSDEN & SELEDEE, LLC is a collection agency and a law firm based in Baltimore Maryland. Record shows that it is incorporated in the State of Maryland and has its principal place of business in the State of Maryland operating from Baltimore city. According to other complaints in the Better Business Bureau, it uses deceptive practices to collect debts.

15. Shani K. Whisonant, Esq. is an attorney for the Prince George's County Public Schools who is engaged in misconduct while working closely with the Thatcher Law Firm and PK Law. She continues to violate the law willfully and interference of counsels.

16. O'Malley, Miles, Nylen & Gilmore, P.A is a law firm operating in Maryland which specializes on Land Use and Zoning and Administrative Law among other issues. The firm employed Mr. F. Robert Troll, Jr who engaged in misconduct while working closely with Thatcher Law Firm, Raouf Abdullah, Robert Cappell, Bryan Chapman, Mitch Batt, Bradford Associates, Maryland state Education association and others to tamper with transcripts during the Prince George's county administrative appeal hearing.

17. Defendant Maryland State Department of Education is a division of the state government of Maryland in the United States. The agency oversees public school districts in Maryland.

## JURISDICTION VENUE

13

18. This is a civil rights action in which Plaintiff seeks damages for personal and pecuniary injuries sustained as a result of several willful incidents of Defendants' wrongful conduct in violation of Title VI and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (the "Title VII"), and 42 U.S.C. §1983 as well as violations of Maryland State Code §20-601 et seq., the Maryland Fair Employment Practices Act ("FEPA"), Violation of fair debt collection practices act.

19. This is an action for declaratory relief; injunctive relief, damages and to secure protection of and to redress deprivation of equal protection rights secured by the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

20. This is an action for declaratory relief; injunctive relief, damages and to secure protection of and to redress deprivation of rights secured by Title VI and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d-7 et seq.  The U.S. Department of Education has provided Maryland public schools with more than $1 billion under the American Recovery and Reinvestment Act of 2009.  Prince George's County Public Schools are receiving stimulus funds for the express purpose of creating jobs and maintaining existing ones.  Title VI requires the recipients of federal funds to waive Eleventh Amendment sovereign immunity.

21. Plaintiff Mr. Mua seeks all his attorney fees, back pay, front pay, compensatory and punitive damages and an award of costs and attorneys' fees pursuant to Title VI, Title VII and any other enabling statute available for that purpose, and all other relief as the Court deems equitable and just.

22. This court has jurisdiction over this action, in that the events giving rise to this complaint took place in Montgomery County, Prince George's County and Baltimore City in the state of Maryland. Venue is proper in the court pursuant to 42 U.S.C. § 2000e-5(f) (3), as it is the

14

judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

23. This Court has jurisdiction over the above-captioned matter pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship.

24. This Court is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b), because this is the jurisdiction in which a substantial proportion, if not all, of the events giving rise to Plaintiff's claims occurred, given that the contracts at issue herein was executed in Maryland, and California Casualty Indemnity Exchange and other Defendant's obligations under that contract were to have been performed in Maryland.

25. This Honorable Court therefore has Subject Matter Jurisdiction of this action based on the diversity of the parties, pursuant to 28 U.S.C. § 1322(a) (l),-(c) (l), because the action arises under the Fourteenth Amendment, the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, et seq, as amended; and the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. 1692, et seq. This Court also has supplemental jurisdiction of state law claims under 42 U.S.C. § 1988.

26. This Court also has Personal Jurisdiction of the Defendants because they conduct Business in Maryland (including Montgomery County).

27. Venue is also therefore proper in the Circuit Court pursuant to 28 U.S.C §§ 100(2), 1391(a)(l)-(2), and any other applicable laws because the insurance agreement at issue is administered in Maryland, the breach of contracts complained of occurred in Maryland, and the Defendants are found in this District.

**DAMAGES**

28. Plaintiff have suffered and continues to suffer extreme mental stress, anxiety, depression, feelings of lack of self-work, rejection, and relegation to second-class status due to the actions of the defendants, and each of them. In addition, as a result of the above mental stress damages, plaintiff has been physically exhausted, run down, and unable to lead his life in a normal manner. Plaintiff has been on medication and his credit has been ruined due to the actions of the defendants. Plaintiff has also incurred direct and consequential damages as a result of unlawful conduct, as alleged herein. Defendants conduct has caused reputational harm, embarrassment and humiliation.

29. For the violations of his statutory and constitutional rights, plaintiff is entitled to an award including compensatory damages.

30. Defendants acted with malice and/or reckless disregard for plaintiff's constitutional rights, therefore plaintiff is entitled to an award of punitive damages.

## COUNT ONE: FRAUD

31. That Plaintiff Mr. Mua incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 30, as if set forth fully.

32. That on or before July 27, 2011 Plaintiff Mr. Mua met with Defendant Ardra O'Neal owner of O'Neal firm LLP and initiated a contract for legal representation. Upon review of the contract, Plaintiff Mr. Mua discovered areas agreed upon with Defendant Ms. Ardra O'Neal for legal representation were not covered in the contract and demanded issues agreed upon be incorporated.

33. On August 2, 2011, the Defendant emailed a fresh copy with all areas agreed upon. The Plaintiff Mr. Mua met Defendant Ardra O'Neal shortly after for the purpose of retaining her

services. At all times relevant to this matter, the Plaintiff communicated the desire to retain an attorney who was licensed in Maryland and familiar with Maryland law. Further, the Plaintiff communicated that he did not want an attorney that was not barred in Maryland. While it was known that Ardra O'Neal was the owner of the Firm "O'Neal Firm, LLP, the Plaintiff met with Defendant Ardra O'Neal and it was agreed that Ms. O'Neal would be the attorney who would execute the agreed upon legal action that was the subject of the agreement. At no point did Ardra O'Neal assert that other members of her firm would be actively involved in the execution of the legal action that was the subject of the agreement;

34. That one of the central aspects of the agreement between the Plaintiff and Defendant Ardra O'Neal was the filing and litigation of claims in Maryland state court(s) against the Prince George's County Board of Education, AFSCME International, ACE-AFSCME Local 2250 Unions and other defendants. In light of Maryland's jurisdictional ties to this matter, Maryland, and not the District of Columbia, was the appropriate forum for the legal actions that were the subject of the agreement between the Plaintiff and Defendant Ardra O'Neal. Defendant Ardra O'Neal assured the plaintiff, both prior to and subsequent to the entry of the agreement that she was individually licensed to practice law in Maryland and would take over all the cases in the state.

35. That subsequent to, and in justifiable reliance of, Defendant Ardra O'Neal's assurance that she would be able to personally execute the legal action in Maryland, the Plaintiff entered the representation agreement with the Defendant Ardra O'Neal and the Plaintiff;

36. That unbeknownst to the Plaintiff, Defendant Ardra O'Neal was not barred in the state of Maryland. That Ardra O'Neal was aware that she was not barred in the state of

17

Maryland and kept that information away from the Plaintiff. Further, Defendant Ardra

O'Neal was aware that the Plaintiff sought out an attorney that was barred in Maryland

and his unwillingness to retain an attorney that was not barred in Maryland;

37. That for the purpose of filing the Plaintiff's claim of defamation against Prince

George's County Board of Education, See *Mua v. Board of Education*, Case Number

CAL10-30484, Defendant Ardra O'Neal enlisted the assistance of another attorney for

the purpose of her being admitted *pro hac vice*. Defendant Ardra O'Neal did not disclose

to the Defendant her *pro hac vice* status in the matter. The Plaintiff only discovered her

*pro hac vice* status on September 2, 2011, when he appeared for a hearing in the case of

*Mua v. Board of Education*, Case Number CAL10-30484. Subsequent to the Plaintiff's

discovery of Defendant Ardra O'Neal's pro hac vice status, the Plaintiff immediately

confronted Defendant Ardra O'Neal about the discovery and expressed his displeasure;

38. That subsequent to the Plantiff's confrontation with Defendant Ardra O'Neal, the Plaintiff's

attorney-client relationship with Defendant Ardra O'Neal gradually diminished. The

decline of the Plaintiff's relationship with Defendant Ardra O'Neal eventually propelled the

Plaintiff to terminate the attorney-client relationship with Defendant Ardra O'Neal on

September 12, 2011;

39. That the Plaintiff's abrupt discontinuation of the services of Ardra O'Neal caused the

Plaintiff to have to retain another legal counsel, which caused him to accrue another

retainer. Further, the Plaintiff underwent pain and suffering in light of the fact that the

Plaintiff was forced to acquire new counsel in the middle of the case *Mua v. Board of*

*Education,* Case Number CAL10-30484; and the internal appeal hearing which was in progress. Plaintiff went into an agreement with the new counsel Defendant Mr. Raouf Abdullah where in which Plaintiff paid him $24,936

40. In addition, Plaintiff signed another retainer with another counsel Defendant Mr. Robert Cappell to pursue claims of discrimination and retaliation which was in progress in Federal Court. Plaintiff incurred a bill of $25,500. Defendant Ms. Ardra O'Neal had promised to pursue those claims as well.

41. That as Defendant Ardra O'Neal was the agent for the Defendant O'Neal Firm, LLP, Defendant O'Neal Firm, LLP is vicariously liable and the Plaintiff seeks a judgment of against the O'Neal Firm, LLP on the count of Fraud and misrepresentation.

**WHEREFORE**, Defendant seeks judgment against the Plaintiff for actual and punitive damages totaling three Hundred Thousand Dollars ($300,000.00), pre and post judgment interest, costs, and all such just and further relief as the court deems just and proper.

## COUNT TWO:  BREACH OF FIDUCIARY DUTY

42. That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 41, as if set forth fully.

43. The Plaintiff Mr. Mua sets forth the following, the Defendant O'Neal firm LLP was a licensed attorney in the District of Columbia and as such held herself out to the public as knowledgeable with special expertise as a lawyer. Defendant O'Neal Firm, LLP, and Ardra M. O'Neal, Esq advertised and represented to the public that she possessed special training and special education in the practice of law.

19

44. Plaintiff Mr. Mua reasonably relied on the advertisements of Defendant O'Neal Firm and her representation that she had special legal skills on or before September 2, 2011, the judge dismissed Plaintiff's claim Case number CAL1030484 *Mua vs Board of Education of Prince Georges County and Mr. Pierre Dickson.* Thereby causing the Plaintiff Mr. Mua to sustain extreme economic loss and including the loss of his job.

45. The official court transcripts, reflects the court judicial opinion that the pleadings prepared by the Defendant O'Neal firm and Ms. Ardra O'Neal were defective and not incompliance with rules regarding pleadings and admonished her, (the Defendant) in open court on the record of her gross negligence.

46. Plaintiff went into an agreement with the new counsel Defendant Mr. Raouf Abdullah where in which Plaintiff paid him $24,936

47. In addition, Plaintiff Mr. Mua signed another retainer with another counsel Defendant Mr. Robert Cappell to pursue claims of discrimination and retaliation which was in progress in Federal Court. Plaintiff incurred a bill of $25,500. Defendant Ms. Ardra O'Neal had promised to pursue those claims as well.

48. As a direct result of the aforesaid negligence Plaintiff sustained immense financial loss and a loss of his career.

**Wherefore**, the Plaintiff, seeks judgment against Defendant Ardra O'Neal and her Law Firm and demands damages interest, counsel fees and cost against the Defendant Ms. O'Neal and her law firm O'Neal Firm, LLP for actual and punitive damages totaling Three Hundred Thousand Dollars ($300,000.00), pre and post judgment interest, costs, and all such just and further relief as the court deems just and proper.

**COUNT THREE: NEGLIGENT MISREPRESENTATION**

49. That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 48, as if set forth fully.

50. Defendant O'Neal firm LLP, Defendant O'Malley, Miles, Nylen & Gilmore, P.A via F. Robert Troll, Jr, Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; Defendant Maryland State Education Association had a duty of care to Plaintiff Mua. This duty required the transmittal of accurate information from all the Defendants including Defendant O'Neal firm LLP, **Defendant O'Malley, Miles, Nylen & Gilmore, P.A via F. Robert Troll, Jr,** and its employees.

51. Plaintiff was misled by Defendant Maryland State Education Association via Damon Felton; Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett ; Defendant O'Neal firm LLP and her associates that everything was under control and everything will be okay. On several occasions, Mr. Jarmar Saunders pretended to be a lawyer which made the Plaintiff to complain to the Defendant O'Neal firm LLP.  These false representations were repeated on numerous occasions.

52. Defendant O'Neal firm LLP was negligent in the assertion of these false statements by its agents and Defendant O'Malley, Miles, Nylen & Gilmore, P.A via F. Robert Troll, Jr was negligent to engage in tampering of transcripts after plaintiff Mr. Mua complained.

53. Further, Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; made false statements of material fact after plaintiff requested the cases be consolidated in Federal Court.

54. On or around May 14th, 2012, Defendant Hardnett promised to enter her appearance in Federal court to represent him after other counsel Defendants engaged in misconduct. Defendant Hardnett changed her mind the last minute before the dateline set by the court for the show cause order issued on May 10th, 2012. Defendant Hardnett, Defendant Robert E.

Cappell and Defendant Raouf Abdullah conspired to have the case dismissed. The wrong advice was to enter his appearance pro se even though he was represented by an attorney.

55. On various dates beginning on August 2011, Plaintiff's request to consolidate cases in Federal court was ignored and was given misleading advise by counsel defendants including Defendant Bryan Chapman, Raouf Abdullah, Robert Cappell to continue with the cases in state courts knowing that, they were going to be dismissed without proper due process of the law.

56. That, on various dates including on July 27, 2011, plaintiff entered a representation agreement with some of the attorney Defendants who were counsel for the plaintiff including Defendant O'Neal Firm LLP, via Defendant Ardra O'Neal.

57. That the Defendant O'Neal Firm LLC agreed to "...pursue whistleblower protection, defamation of character, and theft of property claims against PGCPS [the Plaintiff's employer] as well as assert claims against [the Plaintiff's] union." In exchange for Defendant O'Neal Firm LLC's services. In accordance with the agreement, the Plaintiff did pay the $2,800 retainer fee and; After the Plaintiff discovered that the Defendant was not licensed in Maryland and that she had exposed her incompetence and had not fulfilled her obligations as agreed, he cancelled all her services and fired her for unethical acts.

58. That despite the plaintiff's compliance with the agreement, Defendant Ardra O'Neal, nor any other agents from Defendant O'Neal Firm LLP, failed to uphold their part of the agreement by failing to file any actions regarding the whistleblower protection or the illegal seizure of the Plaintiff's property claims; despite the plaintiff's pleading and insistence.

59. That Ardra O'Neal breached the contract as asserted in the Fraud Count, when she did not apprise the Plaintiff of her non-licensed status with regard to the state of Maryland;

60. That the Defendant, via Ardra O'Neal and all other agents, failed to file action against the union;

22

61. Defendant O'Neal Firm did not exercise due professional diligence by not being prepared or taking time to study the case and put up a credible defense of the Defendant. The Plaintiff Mr. Mua's case was dismissed due to lack of adequate legal representation by the Defendant in this action.

62. That, Defendant Bryan Chapman, Defendant Abdullah, Defendant Cappell, O'Malley, Miles, Nylen & Gilmore, P.A via F. Robert Troll, Jr, Defendant Mitch Batt worked together to mislead the plaintiff and the tribunals.

63. That as a direct result of the Defendant's failure to file action against some of the Defendants, the Defendant's claim against the union was dismissed based on untimeliness in the Prince George's County Circuit Court;

64. That Plaintiff seeks judgment against the Defendants on all counts as alleged in this complaint.

65. Defendant Thatcher Law Firm engaged in Misconduct after she was awarded millions of dollars in "No bid contract".

66. Defendant Thatcher Law firm conspired with plaintiff counsels to have the cases dismissed including in the Federal court.

67. As a result of the conduct of negligent misrepresentations by Defendants, Plaintiff Mr. Mua incurred damages.

68. Plaintiff went into an agreement with the new counsels including with Mr. Abdullah in which Plaintiff paid him $24,936

69. In addition, Plaintiff signed another retainer with another counsel Defendant Mr. Robert Cappell to pursue claims of discrimination and retaliation which was in progress in Federal Court. Plaintiff incurred a bill of $25,500 after he was paid thousands of dollars. Defendant O'Neal firm LLP had promised to pursue those claims as well.

**Wherefore**, the Plaintiff, seeks judgment against Defendant Thatcher Law Firm, Defendant Raouf Abdullah, Defendant Bryan Chapman, Defendant Batt; Defendant Robert E. Cappell;

Defendant Hardnett; Defendant Bradford Associates; Defendant O'Malley, Miles, Nylen & Gilmore, P.A via  F. Robert Troll, Jr, Defendant O'Neal firm LLP and demands damages, interest, counsel fees and cost against the defendants  for actual and punitive damages totaling two million Dollars ($1,000,000.00), pre and post judgment interest, costs, and all such just and further relief as the court deems just and proper.

## COUNT FOUR: CONSPIRACY TO COMMIT FRAUD

70. That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 69, as if set forth fully.

71. Defendant Ardra O'Neal; Defendant Thatcher Law Firm; Defendant Raouf Abdullah; Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; Defendant Bradford Associates; Defendant Pessin Katz Law, P.A.; Defendant Maryland State Education Association; Defendant Association of Supervisory & Administrative School (ASASP); Defendant O'Malley, Miles, Nylen & Gilmore, P.A via  F. Robert Troll, Jr; Maryland State Department of Education engaged in misconduct involving intentional dishonesty, fraud, deceit, or misrepresentation.

72. Defendant Ardra O'Neal and her associates who include her boyfriend engaged in misconduct by making up false bills totaling up to $14,646.54 with the sole purpose of defrauding Plaintiff Mr. Mua.

73. Plaintiff Mr. Mua repeatedly disputed the bills and the Defendant Ardra O'Neal who was in the case for only two weeks continued to harass Plaintiff Mr. Mua by bombarding with fictitious bills. Plaintiff Mr. Mua knew that the bills were false and disputed them.

74. That, Defendant Ardra O'Neal acted in corroboration with her boyfriend Mr. Jarmar Saunders, Angela Green, Defendant Thatcher Law Firm; Defendant Raouf Abdullah;

Defendant Bryan Chapman; Defendant Batt; Defendant Robert E. Cappell; Defendant Hardnett; Defendant Bradford Associates; Defendant Pessin Katz Law, P.A.; Defendant Maryland State Education Association; Defendant Association of Supervisory & Administrative School (ASASP); Defendant Maryland State Department of Education, Defendant O'Malley, Miles, Nylen & Gilmore, P.A via F. Robert Troll, Jr and others. The unwanted conduct involved intentional dishonesty, fraud, deceit, or misrepresentation.

75. Defendant Thatcher Law Firm, Defendant Pessin Katz Law, P.A by way of Ms. Shani Whisonnant and agents of Defendant Maryland State Department of Education worked together to deny plaintiff his job after he won the state administrative appeal hearing at Maryland Office of Administrative hearings. Defendants made sure that Plaintiff's only option was to stay unemployed after they conspired to confiscate his teaching certificate without due process of the law.

76. Defendants Thatcher Law Firm hired Mr. James Fisher a former United States Department of Education attorney and others within her law firm for the sole purpose of facilitating the misconduct and fraud within the PGCPS system. Plaintiff Mr. Mua had made complaints to the United States Department of Education at the same period when Mr. Fisher worked there.

77. Defendants and other conspirators then conspired to squander more than $18 million from the children reserve fund towards their own salaries while interfering with Plaintiff's newly acquired counsel.

78. As a result of these machinations, Plaintiff Mr. Mua incurred damages.

79. Plaintiff Mua sought assistance from all available sources including from the law enforcement community both in DC and in Maryland.

80. Plaintiff has suffered and continues to suffer harm and damages as direct and proximate result of the conspiracy between his employer and the Defendant Thatcher Law Firm; Defendant Raouf Abdullah; Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; Defendant Bradford Associates; Defendant Pessin Katz Law, P.A.; Defendant Maryland State Education Association; Defendant Association of Supervisory & Administrative School (ASASP); Maryland State Department of Education; Defendant O'Malley, Miles, Nylen & Gilmore, P.A via F. Robert Troll, Jr

81. That Plaintiff seeks judgment against Defendant O'Neal Law Firm LLP; Defendant Thatcher Law Firm; Defendant Raouf Abdullah; Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; Defendant Bradford Associates; Defendant O'Malley, Miles, Nylen & Gilmore, P.A via F. Robert Troll, Jr; Defendant Pessin Katz Law, P.A.; Defendant Maryland State Education Association; Defendant Association of Supervisory & Administrative School (ASASP); Maryland State Department of Education on all counts as alleged in this complaint.

**Wherefore**, the Plaintiff, counter claimant seeks judgment against Defendant O'Neal Law Firm; Defendant Thatcher Law Firm; Defendant Raouf Abdullah; Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; Defendant Bradford Associates; Defendant Pessin Katz Law, P.A.; Defendant Maryland State Education Association; Defendant O'Malley, Miles, Nylen & Gilmore, P.A via F. Robert Troll, Jr; Defendant Association of Supervisory & Administrative School (ASASP); Maryland State Department of Education and demands damages interest, counsel fees and cost against the plaintiff Ms. O'Neal and her law firm O'Neal Firm, LLP for actual and punitive damages

totaling One million Dollars ($1,000,000.00), pre and post judgment interest, costs, and all such just and further relief as the court deems just and proper.

## COUNT FIVE: CONSPIRACY TO COMMIT FRAUD

82. That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 81, as if set forth fully.

83. Defendant Ardra O'Neal, Defendant Thatcher Law Firm; Defendant Raouf Abdullah; Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; Defendant Bradford Associates; Defendant Pessin Katz Law, P.A.; Defendant Maryland State Education Association; Defendant Association of Supervisory & Administrative School (ASASP);  Defendant Maryland State Department of Education and other associates engaged in misconduct involving intentional dishonesty, fraud, deceit, or misrepresentation.

84. After Plaintiff Mr. Mua discharged Defendant Ms. Ardra O'Neal, Mr. Alan Mitchell who had sponsored Defendant Ms. O'Neal's for pro hac vice status did not withdraw from the Prince George's County Circuit Court case # CAL1030484 deliberately and continued to damage the case.

85. Further Mr. Mitchell did not tell Plaintiff Mr. Mua of his plans to stay in the case.

86. After Plaintiff Mr. Mua discovered the plan, he asked Defendant O'Neal Firm by way of Mr. Mitchell to withdraw since the Plaintiff was pro se at that point in time.

87. Defendant O'Neal Firm by way of Mr. Alan Mitchell's withdraw late in the case, pissed off the judge and the case was dismissed.

27

88. Defendant O'Neal Firm conspired with PGCPS [plaintiff's employer], Defendant Thatcher Law Firm and others to stay in the state case # CAL1030484 with the sole intention of destroying the case in retaliation.

89. That, On December 15th, 2011, Defendant O'Neal Firm by the way of Ardra O'Neal filed a second Amended complaint and jury demand fraudulently with malicious intent in order to damage the Plaintiff's case.

90. That, Plaintiff's Employer Board of Education of Prince George's County via Defendant Thatcher Law Firm, Defendant Maryland State Board of Education, Defendant Mitch Batt, Defendant Robert Cappell, Defendant Maryland State Board of Education, Defendant Raouf Abdullah, Defendant Bryan Chapman and others worked in conjunction and hatched a "common plan" to violate the law in Maryland in order to deny the Plaintiff Mr. Mua the protection afforded under his employment contract. Defendant Thatcher Law Firm specifically conspired and misled the Prince George's County Circuit Court and Federal Court in Greenbelt Maryland to believe that the Plaintiff was a member of Prince George's County Educator Association (PGCEA) when he was in fact a member of ACE-AFSCME Local 2250 union. Defendants including Defendant Ardra O'Neal was aware of these malicious and willful actions by Plaintiff's employer and they refused to help the Plaintiff or even clarify to the court about the situation during the September 2, 2011, June 18, 2012 hearings among other dates.

91. That on November 8, 2010, the Plaintiff Mr. Mua filed a complaint in Prince George's County circuit court case No. CAL10-35227 against Mr. Roger Thomas, Dr. William Hite Jr and Board of Education of Prince George's County. Honorable Judge Pearson heard the oral arguments and refused to dismiss the case at the beckoning of Mr. Roger Thomas.

Defendant Ardra O'Neal then conspired and hatched a "common plan" to violate the law with the Plaintiff's Counsel Defendant Mr. Mitch Batt, Mr. Roger Thomas, Dr William Hite Jr, Defendant Thatcher law firm and others to have the case dismissed. Plaintiff requested intervention from the Plaintiff ACE-AFSCME Local 2250 Union to help him without success after Defendant Maryland State Education Association (MSEA) interfered.

92. That on July 22, 2011, Defendant Batt and Defendant Thatcher Law Firm hatched a common plan and dismissed all counts including Breach of contract without the permission of the plaintiff in case # CAL1035227 in the Prince George's County Circuit Court.

93. Since September 2011 until 2014 throughout the proceedings in Washington DC, Defendant Ardra O'Neal has consistently harassed Plaintiff Mr. Mua without any justification. Plaintiff Mr. Mua politely requested Defendant Ardra O'Neal to leave him alone and wished her well. However, she refused.

94. Defendant Maryland state Department of Education reversed the decision of administrative law Judge Honorable Brian Zlotnick in a malicious manner after Plaintiff Mr. Mua cited a conflict of interest involving President Charlene Dukes.

95. Plaintiff Mr. Mua has detected numerous prima facie anomalies in the process involving Defendant Ardra O'Neal contrary to the laws of the land, Plaintiff's employer and the Maryland State Board of Education after reversing the decision of the Maryland office of the Administrative hearings begun a campaign of retaliation. For Example, the day August 26th, 2013 when Plaintiff Mr. Mua emailed the letter to the Maryland State Board of Education officials warning them of initiating a lawsuit in Federal court, the same day Defendant Ardra O'Neal initiated a malicious lawsuit in Washington DC small claims court with the aim to defeat justice in these cases.

96. Plaintiff Mr. Mua believes a malicious lawsuit initiated by Defendant O'Neal Firm LLC was done at the beckoning of Defendant Thatcher Law Firm, Defendant Maryland State Department of Education and other conspirators including the Maryland Office of the Attorney General with the view to defeat justice in Maryland Federal court.

97. Defendant Raouf Abdullah used other conspirators including his girlfriend Kandie Kennedy (This might Not be her real name) and attorney Jibril A. Brown, Esq to advance the conspiracy to defraud.

98. There is a pattern of fraud involving same players and Defendant Maryland State Board of Education currently taking place in Prince George's County Circuit Court in order to defeat justice. To date, Maryland State Board of Education officials have refused to transmit the entire administrative appeal file in Prince George's County Circuit Court even after signing two documents under oath falsifying the court record.

99. Plaintiff has suffered and continues to suffer harm and damages as direct and proximate result of the conspiracy between his employer and the Defendants.

100. On several occasions, Plaintiff was forced to retain new counsel to help protect his interests.

101. Plaintiff went into an agreement with the new counsel Defendant Mr. Raouf Abdullah where in which Plaintiff paid him $24,936. Defendant Abdullah working with his girlfriend committed misconduct in various ways including making false accusations, calling plaintiff out of his name, demanding cash payments without providing receipts, interfering with other counsels hired by the plaintiff, misleading the attorney grievance commission, refusing to withdraw from the cases etc.

102. In addition, Plaintiff signed another retainer with another counsel Defendant Mr. Robert Cappell to pursue claims of discrimination and retaliation which was in progress in Federal

Court. Plaintiff incurred a bill of $25,500. Defendant Ms. Ardra O'Neal had promised to pursue those claims as well.

103.   However, Defendant Robert Cappell joined in the fraud and conspiracy to commit fraud by committing misconduct including within the Federal court on June 18th, 2012 with the aim to confuse the court in order to have the case dismissed. There were other various illegal activities involving the Defendants at the beckoning of Defendant Thatcher Law Firm and other conspirators to advance the fraud and misconduct.

104.   Defendant's conduct constitutes intentional, willful, malicious, and flagrant violations of the rights of the Plaintiff as to warrant punitive or exemplary damages.

105.   As a direct and proximate cause of the misconduct and fraud to which he was subjected, Plaintiff has suffered, and continues to suffer lost wages and benefits, humiliation, indignity, and extreme emotional distress.

106.   That Plaintiff seeks judgment against all the Defendants including Defendant O'Neal Law Firm LLP on all counts as alleged in this complaint.

**Wherefore**, the Plaintiff, counter claimant seeks judgment against Defendant O'Neal Law Firm; Defendant Thatcher Law Firm; Defendant Raouf Abdullah; Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; Defendant Bradford Associates; Defendant Pessin Katz Law, P.A.; Defendant Maryland State Education Association; Defendant Association of Supervisory & Administrative School (ASASP); Defendant Maryland State Department of Education and demands damages interest, counsel fees and cost against all the defendants for actual and punitive damages totaling five million Dollars ($1,000,000.00), pre and post judgment interest, costs, and all such just and further relief as the court deems just and proper

## COUNT SIX: CONSPIRACY TO DEFEAT JUSTICE.

31

That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 106, as if set forth fully.

107. Plaintiff Ardra O'Neal engaged in misconduct involving intentional dishonesty, fraud, deceit, or misrepresentation by refusing to introduce evidence into Prince George's County Circuit Court in Case Number CAL10-30484 and then continued to sabotage Plaintiff Mr. Mua's case by filing documents into the case after she was fired on September 12, 2011.

108. Similar pattern took place after Defendant Mr. Bryan Chapman refused to add evidence in Federal court after Defendant Ms. Ardra O'Neal communicated with him.

109. Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; dismissed and conspired to have the claims dismissed by the Prince George's County Circuit court and in Federal Court.

110. That, Defendant Batt by way of Mr. Mitch Batt acted with malice and told the plaintiff to go and fuck himself.

111. As a result of this misconduct, legitimate claims were dismissed because of the conspiracy and misconduct facilitated by the Thatcher Law Firm and other conspirators.

112. Defendant Ms. Ardra O'Neal; Defendant Mr. Bryan Chapman; Defendant Raouf Abdullah by way of Raouf Abdullah further withheld important evidence from Plaintiff after they was discharged by the Plaintiff Mr. Mua.

113. That, Defendant O'Neal Firm also withheld information concerning crucial internal appeal hearing date until one day before the administrative hearing scheduled by her and Plaintiff's employer for September 28th, 2011.

32

114. Defendant O'Neal Firm LLC's actions in withholding crucial information were done in retaliation in order to prejudice the Plaintiff after the Plaintiff Mr. Mua discharged Ms. Ardra O'Neal as his lawyer.

115. Further, Defendant O'Neal Firm LLC's filed a lawsuit in Washington DC in retaliation after Plaintiff Mr. Mua mentioned Defendant Ardra O'Neal in 3rd Amended complaint filed with the circuit court for Prince George's County on June 23rd, 2013.

116. Plaintiff went into an agreement with the new counsel Mr. Raouf Abdullah where in which Plaintiff paid him $24,936 in order to advance the case.

117. In addition, Plaintiff signed another retainer with another counsel Mr. Robert Cappell to pursue claims of discrimination and retaliation which was in progress in Federal Court. Plaintiff incurred a bill of $25,500. Defendant Ms. Ardra O'Neal had promised to pursue those claims as well.

118. Plaintiff has suffered and continues to suffer harm and damages as direct and proximate result of the conspiracy between his employer and the Plaintiff.

119. That Plaintiff seeks judgment against Defendant O'Neal Law Firm; Defendant Thatcher Law Firm; Defendant Raouf Abdullah; Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; Defendant Bradford Associates; Defendant Pessin Katz Law, P.A.; Defendant Maryland State Education Association; Defendant Association of Supervisory & Administrative School (ASASP); Defendant Maryland State Department of Education on all counts as alleged in this complaint.

**Wherefore**, the Plaintiff, seeks judgment against Defendant O'Neal Law Firm; Defendant Thatcher Law Firm; Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; Defendant Bradford Associates; Defendant

Pessin Katz Law, P.A.; Defendant Maryland State Education Association; Defendant

Association of Supervisory & Administrative School (ASASP); Defendant Maryland State

Department of Education and demands damages interest, counsel fees and cost against the

plaintiff Ms. O'Neal and her law firm O'Neal Firm, LLP for actual and punitive damages

totaling One Hundred Thousand Dollars ($500,000.00), pre and post judgment interest, costs,

and all such just and further relief as the court deems just and proper.

## COUNT SEVEN: NEGLIGENCE

120.  That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted

in the prior and subsequent portions of this Complaint contained in paragraphs 1 through

119, as if set forth fully.

121.  Defendants had duty to the Plaintiff to protect him on various levels as an Employee and

a customer to some of the defendants. The Defendants breached that Duty of care to the

plaintiff. As a result of the breach, Plaintiff suffered damaged. There is a casual connection

with the negligence and the damages the plaintiff incurred.

122.  As a direct and proximate cause of the retaliation to which he was subjected, Plaintiff has

suffered, and continues to suffer lost wages and benefits, humiliation, indignity, and extreme

emotional distress.

123.  That Plaintiff seeks judgment against the Defendant O'Neal Law Firm; Defendant

Thatcher Law Firm; Defendant Bryan Chapman; Defendant Batt; Defendant Raouf

Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; Defendant Bradford

Associates; Defendant Pessin Katz Law, P.A.; Defendant Maryland State Education

Association; Defendant Association of Supervisory & Administrative School (ASASP);

Defendant Maryland State Department of Education on all counts as alleged in this complaint.

**Wherefore**, the Plaintiff, seeks judgment against Defendant O'Neal Law Firm; Defendant Thatcher Law Firm; Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett ; Defendant Bradford Associates; Defendant Pessin Katz Law, P.A.; Defendant Maryland State Education Association; Defendant Association of Supervisory & Administrative School (ASASP); Defendant Maryland State Department of Education and demands damages interest, counsel fees and cost against the Defendant O'Neal Law Firm; Defendant Thatcher Law Firm; Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett ; Defendant Bradford Associates; Defendant Pessin Katz Law, P.A.; Defendant Maryland State Education Association; Defendant Association of Supervisory & Administrative School (ASASP); Defendant Maryland State Department of Education for actual and punitive damages totaling five Million Dollars ($3,000,000.00), pre and post judgment interest, costs, and all such just and further relief as the court deems just and proper.

## COUNT EIGHT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

124.   The Plaintiff Mr. Mua by way of counter claim against her Ardra O'Neal and her employer the O'Neal firm LLP on this count. Repeats and realleges all of the allegations in paragraphs 1 through paragraph 123 and incorporates the same here by reference as though they are fully set forth herein.

125.   That for all of the reasons noted above, Plaintiff by way of Ardra O'Neal engaged in conduct that was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and is regarded as atrocious, and utterly intolerable in a civilized community.

126.  That it was further extreme and outrageous to knowingly and falsely, intentionally and/or recklessly report to third persons that Plaintiff Mr. Mua owed O'Neal law firm money.

127.  Plaintiff Ardra O'Neal engaged in misconduct involving intentional dishonesty, fraud, deceit, or misrepresentation and these acts caused Plaintiff Mr. Mua to see the Doctor because of the stress brought about by Ms. O'Neal the Plaintiff's employer, Defendants **and others**.

128.  That is was further extreme and outrageous conduct to continue to harass and discriminate against Plaintiff with employer in the most hostile, belligerent and disrespectful manner after the Plaintiff filed a complaint.

129.  Plaintiff's initiated this lawsuit with the sole purpose of harassing the Plaintiff and exposing him to scorn and ridicule by his employer and Maryland State Board of Education officials and others.

130.  That all of the above conduct intentionally or recklessly caused the Plaintiff to suffer severe emotional distress in manners that included but were not limited to: depression, sleep deprivation, lack of concentration, loss of memory, irritability, loss of appetite, isolation, hypertension, anxiety, paranoia, fear, intimidation, grief, and severe hot flashes.

131.  That as a direct and proximate cause of Plaintiff's conduct Plaintiff required medical treatment from healthcare professionals and remains under her doctors' care today.

132.  That as a further direct and proximate cause of Plaintiff's conduct, Plaintiff suffered humiliation, embarrassment, questioned integrity, shame, mortification, insecurity, severe and non-severe physical and emotional distress, mental anguish, pain & suffering, and such other non-economic damages reasonably proven at trial.

133.  Plaintiff went into an agreement with the new counsel Mr. Raouf Abdullah where in which Plaintiff paid him $24,936

134.  In addition, Plaintiff signed another retainer with another counsel Mr. Robert Cappell to pursue claims of discrimination and retaliation which was in progress in Federal Court. Plaintiff incurred a bill of $25,500. Ms. Ardra O'Neal had promised to pursue those claims as well.

135.  That Plaintiff seeks judgment against Defendant O'Neal Law Firm LLC on all counts as alleged in this complaint together with her coconspirators.

**Wherefore**, the Plaintiff, seeks judgment against Defendant O'Neal Law Firm and demands damages interest, counsel fees and cost against the Defendant Ms. O'Neal and her law firm O'Neal Firm, LLC for actual and punitive damages totaling Two Hundred Thousand Dollars ($200,000.00), pre and post judgment interest, costs, and all such just and further relief as the court deems just and proper.

## COUNT NINE: BREACH OF CONTRACT

136.  The Plaintiff Mr. Mua Repeats and realleges all of the allegations in paragraphs 1 through paragraph 135 and incorporates the same here by reference as though they are fully set forth herein.

137.  Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; and Defendant Ardra O'Neal and their associates engaged in misconduct involving intentional dishonesty, fraud, deceit, or misrepresentation after conspiring with the Thatcher Law Firm; Agents of the Maryland State Department of Education.

138.  Plaintiff's Defendant Counsels namely Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; and Defendant Ardra O'Neal had a duty to present the facts to the court and failed to do so after interference by the Thatcher Law Firm and other conspirators.

139.  That Plaintiff seeks judgment against the Defendants and Defendant O'Neal Law Firm LLP on all counts as alleged in this complaint for their role in this activity.

**Wherefore**, the Plaintiff seeks judgment against all defendants and Defendant O'Neal Law Firm and demands damages, interest, counsel fees and cost against the Defendant Ms. O'Neal and her law firm O'Neal Firm, LLP and her coconspirators in the amount of $2,000,000 in this claim.

## COUNT TEN: TORTIOUS INTERFERENCE OF BUSINESS RELATION

140.  That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 139, as if set forth fully.

141.  Defendant Thatcher Law Firm, Defendant Maryland State Department of Education; Defendant Association of Supervisory & Administrative School Personnel, Defendant Bradford Associates, Defendant Pessin Katz Law, P.A. knew that Plaintiff Mr. Mua had a Business relationship with  Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; and Defendant Ardra O'Neal and they hatched a "common plan" to violate the law by interfering with Plaintiff's counsels in order to hide criminal activity which taking place in the Prince George's County Public schools involving money laundering and other violations as identified to a list given to the Defendants counsels.

142.  Plaintiff Mr. Mua engaged in a protected activity by filing grievances with the EEOC, Attorney Grievance commission, Law enforcement community and Bar counsel complaining of Defendant Ms. Ardra O'Neal to the Washington DC Bar counsel; Defendant Raouf Abdullah; Defendant Mitch Batt and others.  He made the complaints in writing and requested an investigation in order to protect his rights.

143.  Soon thereafter some of the Defendants conspired with Defendant O'Neal Firm LLC and Ms. Ardra O'Neal to retaliate in several ways by making up false bills, filing malicious lawsuit in Washington DC, interfering with counsel hired by plaintiff Mr. Mua among other issues in order to harass and defeat justice for Plaintiff Mr. Mua.

144.  The actions of Defendant Thatcher Law Firm, Defendant Maryland State Department of Education, Defendant Association of Supervisory & Administrative School Personnel,

Defendant Bradford Associates, Defendant Pessin Katz Law, P.A. in interfering with Plaintiff's counsels have caused financial hardship and damage to Plaintiff Mr. Mua both physically and emotionally.

**Wherefore,** the Plaintiff seeks judgment against Defendants and demands damages, interest, counsel fees and cost in the amount of $500,000 or any other amount the court finds fit in this claim and on all counts as alleged in this complaint for each role defendants played in furtherance of this activity.

### COUNT ELEVEN: TORTIOUS INTERFERENCE OF BUSINESS RELATION DEFENDANT Association of Supervisory & Administrative School personnel

145. That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 144, as if set forth fully.

146. Defendant Association of Supervisory & Administrative School personnel, Defendant Maryland State Department of Education, Defendant Maryland State  and Defendant Thatcher Law Firm interfered with ACE-AFSCME Local 2250 in order not to have legal representation when the plaintiff was seeking accommodation from his employer.

147. Defendant Association of Supervisory & Administrative School personnel retaliated after plaintiff exposed to the law makers misconduct involving the ASASP Union President. As a result of the disclosure, Defendant ASASP conspired to deny the plaintiff Mr. Mua due process rights by interfering with his ACE-AFSCME Local 2250 union not to represent him.

148. Defendant Association of Supervisory & Administrative School personnel (ASASP), took a series of retaliatory measures after plaintiff Mr. Mua filed a grievance with ACE-AFSCME Local 2250 union.

149.  Defendant Association of Supervisory & Administrative School personnel (ASASP) through Executive Director interfered with officials of ACE-AFSCME Local 2250 union and NAACP on various dates including October 12, 2012.

150.  On October 12, 2012, Defendant Association of Supervisory & Administrative School personnel (ASASP), told the representative of AFSME International not to assist Plaintiff Mr. Mua.

151.  On various dates including July 25th, 2013, ASASP Director exhibited misconduct and threatened plaintiff Mr. Mua with retaliation if he ever complained about ASASP again. Defendant Association of Supervisory & Administrative School personnel (ASASP) also invited Mr. Pierre Dickson who had terminated plaintiff Mr. Mua and told the Plaintiff that whatever is discussed at ASASP stayed at ASASP.  There is a casual connection between Defendant Maryland State Board of Education and Defendant ASASP union and the diverse action taken against the plaintiff Mr. Mua.

Wherefore, the Plaintiff seeks judgment against Defendant Association of Supervisory & Administrative School personnel and Defendant Thatcher Law firm and demands damages, interest, counsel fees and cost in the amount of $1,000,000 in this claim.

## COUNT TWELVE:  NEGLIGENT MISREPRESENTATION

152.  That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 151, as if set forth fully.

153.  Defendant Bryan Chapman; Defendant Batt; Defendant Raouf Abdullah; Defendant Robert E. Cappell; Defendant Hardnett; and Defendant Ardra O'Neal had a duty of care to the plaintiff Mr. Mua. This duty required the transmittal of accurate information to the courts.

154.   Defendants conspired to malicious harm plaintiff Mr. Mua after taking thousands of
       dollars providing defective services. Defendant Mr. Raouf Abdullah started to call Plaintiff
       Mr. Mua a "slave trader" and conspired with other defendants to portray Plaintiff as racist
       by incorporating cases which had no baring to plaintiff Mr. Mua case.  As a result of this
       malicious behavior, Plaintiff Mr. Mua incurred damages.

**Wherefore,** the Plaintiff seeks judgment against Defendants and demands damages, interest,
counsel fees and cost in the amount of $1,000,000 or any other amount the court finds fit in
this claim and on all counts as alleged in this complaint for each role defendants played in
furtherance of this activity.

### COUNT THIRTEEN: VIOLATION OF DUE PROCESS RIGHTS

155.   That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted
       in the prior and subsequent portions of this Complaint contained in paragraphs 1 through
       154, as if set forth fully.

156.   The acts and omissions of Defendant Maryland State Department of Education, Thatcher
       Law Firm on behalf of Board of Education for Prince George's County as alleged herein,
       violate Plaintiff's procedural and substantive rights under the due process Clause of the
       Fourteenth Amendment to the U.S. Constitution. These unlawful acts and omissions were
       taken in concert with other public officials while Maryland State Department of Education
       officials were acting under the color of law and within the line and scope of their
       employment. The violation of the law willfully in order to damage the plaintiff is
       unacceptable.

157.   As a result of these machinations, Plaintiff Mr. Mua incurred damages.

41

**Wherefore**, the Plaintiff seeks judgment against Defendants and demands damages, interest, counsel fees and cost in the amount of $2,000,000 in this claim.

## COUNT FOURTEEN: BREACH OF CONTRACT/LACK OF FAIR REPRESENTATION

158.    That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 157, as if set forth fully.

159. Provisions in the teachers' handbook (Teachers Professional Growth System Handbook) are clear in matters regarding the Contract.

The Rights of Teachers are derived from state and federal constitutional provisions:

Likewise, Rights of IT professionals are derived from the same state and Federal constitutional provisions

The Due Process Clause of the Fourteenth Amendment provides that no state may "deprive any person of life, liberty or property without due process of law." Laws shall not be unreasonable, arbitrary or changeable.

The Rights of Teachers are derived from state and federal statutes. The Rights of Teachers are derived from state and federal regulations. *Cleveland Board of Education v. Loudermill 470 U.S. 532 (1985)*

160. The Maryland State Education Association (MSEA) did not honor the collective bargaining agreement established with the Prince George's County Board of Education on teacher evaluations or IT Technicians and ACE-AFSCME Local 2250.

161.    Grievances and appeals to address the contractual violation were ignored.

162.    *The* Maryland State Education Association (MSEA) did not honor the collective bargaining agreement established with the ACE-AFSCME Local 2250 and Prince George's County Education Association on teacher evaluations or IT Technicians.

163.    Superintendent William Hite Jr did not honor the collective bargaining agreement on teacher evaluations or the IT Technicians as established by PGCPS, ACE AFSCME Local 2250, PGCEA and the MSEA.

164.    Grievances and appeals to address the contractual violation were ignored.

165.    IT Director Mr. Pierre Dickson did not honor the collective bargaining agreement on teacher evaluations or IT Technician as established by ACE AFSCME Local 2250 and the PGCPS.

166.    Grievances and appeals to address the contractual violation were ignored.

167.    Plaintiff was denied the right to file grievances against the Prince George's County Public Schools after his bargaining unit was changed in the middle of the case.

168.    Plaintiff was denied the right to appeal his inability to file grievances and his case in the arbitration was withdrawn maliciously by MSEA.

169.    After speaking to the PGCPS HR specialist who led Plaintiff to believe that she had a right to appeal certain decisions, the Specialist had to recant her remarks after speaking with MSEA Attorney Mr. Damon Felton.

170.    The MSEA Lawyer failed to assist the plaintiff whatsoever with malice.

171.    At the administrative law hearing, the administrator law judge would not allow witnesses or additional documentation on Plaintiff's behalf No previous witnesses were

allowed at the evidentiary hearing.  The MSEA union lawyer chose not to assist the plaintiff despite being asked to do so by the President and the Union Director.

172.     The administrative law judge chose not to allow new documents on behalf of Plaintiff s case during the closing arguments.

173.     The administrative law judge chose not to allow witnesses, when several had not yet appeared on behalf of Plaintiff at the evidentiary hearing in Prince George's County Public Schools.

174.     All administrative hearings within the Prince George's County and within the Maryland state Board of Education and Prince George's County Circuit Courts expect the hearing at the Office of Administrative hearings (OAH) were used as a pretex to justify and uphold the wrongful decisions made and upheld by many within the state of Maryland.

**Wherefore,** the Plaintiff seeks judgment against Defendant Maryland State Education Association (MSEA) and demands damages, interest, counsel fees and cost in the amount of $2,000,000 or any other amount the court finds fit in this claim and on all counts as alleged in this complaint for each role defendants played in furtherance of this activity.

## COUNT FIFTEEN: INTENTIONAL MISREPRESENTATION- CONCEALMENT OR NON-DISCLOSURE

175.     That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 174, as if set forth fully.

176.     On December 15th 2011 the O'Neal law firm intentionally misrepresented itself as Mr. Mua's legal representation and filed a complaint in his name; case number cal1030484.

44

177.     On December 16, 2011, and with his attorney Mr. Raouf Abdullah, Mr. Mua
unknowingly filed a breach of contract claim; case number cal1136992.

178.     The original filing, on December 15, 2011, is concealment on the part of the
O'Neal law firm, Mr. Raouf Abdullah and the Thatcher Law Firm.

179.     That, the Thatcher Law Firm, the O'Neal law firm and Mr. Abdullah, knew of the
filing on December 15, 2011 and also knew that Mr. Mua started representing himself in
a pro se capacity.

180.     Even with this understanding the O'Neal law firm sought to represent Mr. Mua
and not relay any information on his case to Mr. Mua, when he was pro se.

181.     Furthermore, both Mr. Abdullah and the Thatcher Law Firm, knew of the filing
by the O'Neal law firm and chose to conceal the facts of the scenario from Mr. Mua.

182.     Additionally, Mr. Bryan Chapman was aware of these facts as he misled Plaintiff
Mr. Mua to file double claims in both state and Federal court. Defendant Mr. Chapman
further misled Mr. Mua that protected activity plaintiff Mr. Mua was engaged in did not
have to be disclosed to the Federal court.

183.     That, the O'Neal law firm, Mr. Bryan Chapman, Thatcher Law Firm, Mr. Cappell
and Mr. Abdullah concealed significant information and intentionally misled Mr. Mua
for the purpose litigating his case on their own terms and stopping the case from being
reheard; res judicata and collateral estoppel.

**Wherefore**, the Plaintiff seeks judgment against Defendants and demands damages, interest,
counsel fees and cost in the amount of $4,000,000 in this claim.

## COUNT SIXTEEN: CONSTRUCTIVE FRAUD

184.     That Plaintiff incorporates by reference any and all facts and/or legal arguments
asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1
through 183, as if set forth fully.

185.     Black's law dictionary defines constructive fraud as "all acts, omissions, and
concealments involving breach of equitable or legal duty, trust or confidence, and

45

resulting in damage to another, 38 Cal Rptr. 148, 157; i.e. no scienter is required. Thus the party who makes the misrepresentation need not know that it is false.

186.     As discussed previously, substantial concealments (when the O'Neal law firm, Mr. Abdullah and Thatcher Law Firm failed to make Plaintiff Mr. Mua aware of the December 15, 2011 filing when he was pro se) and breaches of duty (the O'Neal law firm continuing to represent Mr. Mua after Mr. Mua fired the firm) have occurred in the case at hand.

187.     The concealments, misrepresentations, breach of duty and fraud may or may not have been done intentionally, however under the constructive fraud claim, intent is not necessary. The possible intentional mishandling of the case resulted in substantial damages to Plaintiff Mr. Mua.

188.     That, Defendant O'Neal Law Firm working closely with Defendant Thatcher Law Firm, Raouf Abdullah, Mr. Robert Cappell, Mr. Mitch Batt, Maryland State Board of Education in conspiracy to defraud did initiate a lawsuit in Washington DC small claims court with the aim to defeat justice in Maryland.

189.     As such, Mr. Mua is asking the court to allow his recoupment of resources spent unnecessarily due to the sloppy mishandling of the case by both the O'Neal law firm, Mr. Adullah, Mr. Mitch Batt, Mr. Robert Cappell and the Thatcher Law Firm. Additionally, Mr. Mua asks for damages that the court sees as necessary and proper for the sake of justice.

**Wherefore**, the Plaintiff seeks judgment against Defendants and demands damages, interest, counsel fees and cost in the amount of $4,000,000 in this claim.

## COUNT SEVENTEEN: NEGLIGENT MISREPRESENTATION

190.     That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 189, as if set forth fully.

191.    Negligent misrepresentation is a distinct tort where an individual makes false statements, honestly believing that they are true, but without reasonable ground for such belief.

192.    "Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." (*Fox v. Pollack* (1986) 181 Cal.App.3d 954, 962 [226 Cal.Rptr. 532], internal citation omitted.)

193.    The labor union Maryland State Education Association (MSEA) actions can be seen as negligent misrepresentation that directly and significantly affected Mr. Mua and caused him damages.

194.    The labor union representative Richard Putney communicated with Mr. Mua and directed that he pays the attorney's fees and that in the near future, the union would reimburse Mr. Mua for the costs of hiring the attorneys.

195.    That, in the meantime, Maryland State Education Association conspired with Prince George's County Public Schools (PGCPS) and others to hire close friends and staff from MSEA to manage the affairs of ACE-AFSCME Local 2250 union and PGCPS HR Labor Relations Board for the purpose of concealing the mismanagement of ACE-AFSCME Local 2250 and within PGCPS.

196.    As the case developed, union representatives consistently assured Mr. Mua that he would be reimbursed for the attorney fees.

197.    The assurances led Mr. Mua to spend enormous sums of money on his own defense. But for these assurance, Mr. Mua would have sought a more feasible route for paying for and formulating his legal strategy.

198.    Plaintiff, Mr Mua, suffered tremendous financial damages due to the reliance upon the union.

199.    Plaintiff has suffered and continues to suffer harm and damages as direct and proximate result of the negligence misrepresentation between his employer, the Union and the Defendants.

200.     That Plaintiff seeks judgment against the Defendants on all counts as alleged in this complaint.

**Wherefore**, the Plaintiff seeks judgment against Defendants and demands damages, interest, counsel fees and cost in the amount of $4,000,000 in this claim.

## COUNT EIGHTEEN: ABUSE OF PROCESS

201.     The plaintiff incorporates by reference and reasserts and religious herein the matters contained in paragraphs 1 through 200, as if set forth fully.

202.     Defendant Maryland State Department of Education is an agency created by the legislature of the State of Maryland.

203.     Defendant Maryland State Department of Education is a state agency charged with public functions of providing publicly funded education to the residents of Maryland.

204.     Defendant Maryland State Board of Education, Defendant Thatcher Law Firm, Defendant Bryan Chapman, Defendant Raouf Abdullah, Defendant Robert Cappell, Defendant Mitchell I. Batt, Defendant Maryland State Education Association, Defendant Ardra O'Neal, Defendant Pessin Katz Law, P.A.and other conspirators worked in conjunction and hatched a "common plan" to violate the law in order to deny the Plaintiff Mr. Mua the protection afforded under his employment contract. Plaintiff's employer via Thatcher Law Firm conspired and misled the Prince George's County Circuit Court and Federal Court in Greenbelt Maryland to believe that the plaintiff was a member of Prince George's County Educator Association (PGCEA) when he was in fact a member of ACE-AFSCME Local 2250 union. Defendant Ardra O'Neal was aware of these malicious and willful actions by Plaintiff's employer and she refused to help the Plaintiff or even clarify to the court about the situation during the September 2, 2011 hearing.

205.     That, plaintiff requested Defendant Robert Cappell, Defendant Raouf Abdullah, Defendant Bryan Chapman to consolidation all claims in Federal court but they refused.

206. That, Defendant Bryan Chapman deliberately misled the plaintiff and interfered with his other counsels in order to mislead the courts and initially refused to put evidence into the record so that the Federal court could dismiss the case.

207. That, Defendant Bryan Chapman deliberately interfered with the plaintiff's cases in state and Federal courts after conspiring with the Thatcher Law Firm and others in order to defeat justice.

208. That, Defendant Ardra O'Neal deliberately interfered with the court actions and the counsels hired by the plaintiff.

209. That, Defendants conspired to mislead the plaintiff in order to abuse the process of the court and to make sure that the plaintiff had no more money to fight his case.

210. That, Defendant Thatcher Law Firm deliberately and maliciously presented false statements to the courts while interfering with plaintiff's counsels.

211. That, Verjeana Jacobs accepted a $4,000 maximum campaign donation from the Thatcher Law Firm attorney Abbey G. Hairston's political contribution to Mrs. Verjeana Jacob's campaign in April 2010.

212. That verjeana Jacobs saw no conflict of interest in accepting such cash and the consequences resulting thereof.

213. That Defendant Verjeana Jacobs accepted another $4,000 maximum campaign donation from the Defendant Thatcher Law Firm managing partner Linda Thatcher, among other donors.

214. That, as a result of the above political contributions, the Thatcher law Firm was awarded a substantial amount of cash in millions of dollars which they used to pay off plaintiff's lawyers.

215. According to board member Edward Burroughs - District 8, the Board attorneys were awarded $5 million in a "No bid" contract against the rules of the Board of Education Prince George's County Public Schools (PGCBOE).

216. That, Verjeana Jacobs promoted a culture of pay to play as exhibited by previous county executive Jack Johnson within the schools to oil her political campaign.

217. That, Plaintiff informed the upper management on several occasions of the illegal schemes which were taking place within the school system. Prince George's County Public Schools personel did nothing to stop the conflict of interest.

218.     That, On April 3, 2012, Verjeana Jacobs asked the plaintiff to get involved in her political campaign and the plaintiff refused.

219.     That, Verjeana Jacobs ordered the plaintiff to be wrongfully terminated in retaliation.

220.     That, Verjena Jacobs showed malice in terminating the plaintiff.

221.     That, Defendant Raouf Abdullah was a public defender and routinely interacted during the time verjeana Jacobs worked in Upper Marlboro jail.

222.     That, Defendant Raouf Abdullah failed to disclose the obvious conflict of interest and continued to undermine the cases in order to benefit personally.

223.     That, Board of Education for Prince George's County which was led by verjeana Jacobs and Superintendent William Hite conspired with the other defendants to undermine justice when they approved a "No bid contract for $5million" among other awards comprising of millions of dollars.

224.     That, Plaintiff through his support union requested his job and his personal property back and the defendants turned him down.

225.     That, the plaintiff reported criminal activity, gross mismanagement, gross waste, and other embarrassing facts pertaining to Defendants performance to public officials, Maryland State Law makers, Maryland Governor, Prince George's County Executive, Montgomery County Executive and to law enforcement agencies because these are matters of public concern.

226.     As a public employee, the plaintiff had a moral and legal duty to report improper activities in the administration of the public schools to appropriate parties.

227.     Plaintiff has suffered and continues to suffer harm and damages as direct and proximate result of the abuse of process between his employer, the Union and the Defendants.

228.     That Plaintiff seeks judgment against the Defendants on all counts as alleged in this complaint.
**Wherefore**, the Plaintiff seeks judgment against Defendants and demands damages, interest, counsel fees and cost in the amount of $1,000,000 in this claim.

## COUNT NINETEEN: NEGLIGENT MISREPRESENTATION

225. That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs I through 228, as if set forth fully.

229. Negligent misrepresentation is a distinct tort where an individual makes false statements, honestly believing that they are true, but without reasonable ground for such belief.

230. "Negligent misrepresentation is a form of deceit, the elements of which consist of (I) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *(Fox v. Pollack* (1986) 181 Cal.App.3d 954, 962 [226 Cal.Rptr. 532], internal citation omitted.)

231. The labor union Maryland State Education Association (MSEA) actions can be seen as negligent misrepresentation that directly and significantly affected Mr. Mua and caused him damages.

232. The labor union representative Richard Putney communicated with Plaintiff Mr. Mua and directed that he pays the attorney's fees and that in the ncar future, the union would reimburse plaintiff Mr. Mua for the costs of hiring the attorneys.

233. That, in the meantime, Defendant Maryland State Education Association conspired with Prince George's County Public Schools (PGCPS), Defendant Thatcher Law Firm and others to hire close friends and staff from MSEA to manage the affairs of ACE-AFSCME Local 2250 union and PGCPS HR Labor Relations Board for the purpose of concealing the mismanagement of ACE-AFSCME Local 2250 and other willful violations of law within

51

PGCPS with an aim to continue the wrongful practice.

234. As the case developed, union representatives consistently assured Plaintiff Mr. Mua that he would be reimbursed for the attorney fees.

235. The assurances led plaintiff Mr. Mua to spend enormous sums of money on his own defense. But for these assurance, Plaintiff Mr. Mua would have sought a more feasible route for paying for and formulating his legal strategy.

236. Plaintiff~ Mr Mua, suffered tremendous financial damages due to the reliance upon the Defendant Maryland State Education Association union.

237. Plaintiff has suffered and continues to suffer harm and damages as direct and proximate result of the negligence misrepresentation between his employer. the Union and the Defendants.

238. That Plaintiff seeks judgment against the Defendants on all counts as alleged in this complaint.

**Wherefore,** the Plaintiff seeks judgment against Defendants and demands damages, interest, counsel fees and cost in the amount of $1,000,000 in this claim.

## COUNT TWENTY: ABUSE OF PROCESS

239. The plaintiff incorporates by reference and reasserts and religious herein the matters contained in paragraphs 1 through 238, as if set forth fully.

240. Defendant Maryland State Department of Education is an agency created by the legislature of the State of Maryland.

241. Defendant Maryland State Department of Education is a state agency charged with public functions of providing publicly funded education to the residents of Maryland.

242. Defendant Maryland State Board of Education, Defendant Thatcher Law Firm, Defendant

52

Bryan Chapman, Defendant Raoul' Abdullah, Defendant Robert Cappell, Defendant Mitchell I. Batt, Defendant Maryland State Education Association, Defendant Ardra O'Neal, Defendant Pessin Katz Law, P.A. and other conspirators worked in conjunction and hatched a "common plan" to violate the law in order to deny the Plaintiff Mr. Mua the protection afforded under his employment contract. Plaintiff employer via Thatcher Law Firm conspired and misled the Prince George's County Circuit Court and Federal Court in Greenbelt Maryland to believe that the plaintiff was a member of Prince George's County Educator Association (PGCEA) when he was in fact a member of ACE-AFSCME Local 2250 union. Defendant Ardra O'Neal and other Defendants counsels were aware of these malicious and willful actions by Plaintiff employer and they refused to help the Plaintiff or even clarify to the court about the situation on various dates including during the September 2, 2011 hearing.

243. That, plaintiff requested Defendant Robert Cappell, Defendant Raoul' Abdullah, Defendant Bryan Chapman to consolidation all claims in Federal court but they refused.

244. That, Defendant Bryan Chapman deliberately misled the plaintiff and interfered with his other counsels in order to mislead the courts and initially refused to put evidence into the record so that the Federal court could dismiss the case.

245. That, Defendant Bryan Chapman deliberately encouraged plaintiff to retain counsels to file case in the state court and then deliberately interfered with the plaintiff's cases in state and Federal courts after conspiring with the Thatcher Law Firm and others in order to defeat justice.

246. That, Defendant Ardra O'Neal deliberately interfered with the court actions and the counsels hired by the plaintiff.

247. That, Defendants conspired to mislead the plaintiff in order to abuse the process of the court and to make sure that the plaintiff had no more money to fight his cases.

248. That, Defendant Thatcher Law Firm deliberately and maliciously presented false statements to the courts while interfering with plaintifl's counsels.

249. That, Chairman of the Board of Education Verjeana Jacobs accepted a $4,000 maximum campaign donation from the Thatcher Law Firm attorney Abbey G. Hairston's political contribution to Mrs. Verjeana Jacob's campaign in April 2010.

250. That verjeana Jacobs saw no conflict of interest in accepting such cash and the consequences resulting thereof.

251. That Verjeana Jacobs accepted another $4,000 maximum campaign donation from the Defendant Thatcher Law Firm managing partner Linda Thatcher, among other donors.

252. That, as a result of the above political contributions, the Thatcher law Firm was awarded a substantial amount of cash in millions of dollars which they used to pay of Plaintiff lawyers among other violations in which other Plaintiff with legitimate cases were dismissed by the courts unaware of what was happening.

253. According to board member Edward Burroughs - District 8, the Board attorneys were awarded $5 million in a "No bid" contract against the rules of the Board of Education Prince George's County Public Schools (PGCBOE).

254. That, Verjeana Jacobs promoted a culture of pay to play as exhibited by previous county executive Jack Johnson within the schools to oil her political campaign.

255. That, Plaintiff informed the upper management on several occasions of the illegal schemes which were taking place within the school system. Prince George's County Public Schools personnel did nothing to stop the conflict of interest.

256. That, On April 3, 2012, Verjeana Jacobs asked the plaintiff to get involved in her political campaign and the plaintiff refused.

257. That, Verjeana Jacobs ordered the plaintiff to be wrongfully terminated in retaliation.

258. That, Verjena Jacobs showed malice in terminating the plaintiff.

259. That, Defendant Raoul' Abdullah was a public defender and routinely interacted during the time with verjeana Jacobs as she worked in Upper Marlboro county jail.

260. That, Defendant Raoul' Abdullah failed to disclose the obvious conflict of interest and continued to undermine the cases in order to benefit personally.

261. That, Board of Education for Prince George's County which was led by verjeana Jacobs and Superintendent William Hite conspired with the other defendants to undermine justice when they approved a "No bid contract for $5million" among other awards comprising of millions of dollars and which continues year to year with more cash being awarded to the Defendant Thatcher Law Firm.

262. That, Plaintiff through his support union and defendant Counsels requested his job and his personal property back and the defendant Thatcher Law Firm, Defendant State Department of Education turned him down.

263. That, the plaintiff reported criminal activity, gross mismanagement, gross waste, and other embarrassing facts pertaining to the Defendants performance to public officials, Maryland State Law makers, Maryland Governor, Prince George's County Executive and to law enforcement agencies because these are matters of public concern.

264. As a public employee, the plaintiff had a moral and legal duty to report improper activities in the administration of the public schools to appropriate parties.

265. Plaintiff has suffered and continues to suffer harm and damages as direct and proximate

55

result of the abuse of process between his employer. the Union and the Defendants.

266. That Plaintiff seeks judgment against the Defendants on all counts as alleged in this complaint.

**Wherefore,** the Plaintiff seeks judgment against Defendants and demands damages, interest, counsel fees and cost in the amount of $1,000,000 in this claim.

## COUNT TWENTY-ONE: ABUSE OF PROCESS

267. The plaintiff incorporates by reference and reasserts and religious herein the matters contained in paragraphs 1 through 266, as if set forth fully.

268. By triggering the legal proceeding described above, the defendants further engaged in abuse of the legal process by knowingly and deliberately utilizing the lawsuits for the improper purpose of generating adverse publicity against the Plaintiff Mr. Mua without a good faith belief and in conspiracy to defraud and defeat justice among other issues.

269. That, on several occasions, Defendants misled the plaintiff and the courts deliberately in order for the court to make unfavorable decision.

270. That Defendants worked together and hatched a "common plan" to violate the law in order to deny the plaintiff the protection afforded under his employment contract.

271. That Defendant Bryan Chapman, Defendant Raouf Abdullah, Defendant Robert Cappell, Defendant Law office of C. Sukari Hardnett LLC , Defendant Mitchell I. Batt, Defendant O'Neal Firm, LLP, Defendant Pessin Katz Law, P.A, Defendant Association of Supervisory & Administrative School, Defendant Maryland State Education Association, Defendant Thatcher Law Firm and Defendant Maryland State Department of Education worked together and hatched a "common plan" to violate the law in order to deny the plaintiff the protection afforded under his employment contract.

272. That, upon information and belief, Defendants had actual knowledge of the propriety of the controverted contracts in their possession at the time of litigation.

273. That, Defendants willfully disregarded the validity of the contracts before joining forces to defraud and violate the state and Federal law willfully.

274. That, Defendants necessitated the afore-mentioned legal actions under wrong classification in order to prejudice the plaintiff, all with the purpose of using the action as a vehicle to discredit the Plaintiff, and otherwise damage the reputation of the plaintiff amongst the membership of ACE-AFSCME Local 2250 as a whole and Maryland State Education Association.

275. That, as a direct and proximate result of the defendants' misuse of the legal proceedings as a vehicle for divisive publicity Plaintiff Josephat Mua has in fact suffered injury to his reputation and suffered severe damages both physically and in the form of emotional distress, pain and suffering, in the amount to be established at trial.

276. That, Defendants' deliberate and willful abuse of the legal process was with reckless or wanton indifference to the rights of Plaintiff and/or actual malice, justifying an award of punitive and exemplary damages according to proof to be introduced at trial.

Wherefore, the Plaintiff seeks judgment against Defendants and demands damages, interest, counsel fees and cost in the amount of $1,000,000 in this claim.

## COUNT TWENTY-TWO: CONSPIRACY TO COMMIT FRAUD

277. That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 276, as if set forth fully.

277. That, Defendant Maryland State Education Association "MSEA" engaged in an elaborate

57

scheme to commit fraud and control affairs of ACE-AFSCME Local 2250 and PGCPS which were Plaintiff Mr. Mua's Union and employer respectively in order to escape liability and facilitate the wrongful conduct.

278. Defendant MSEA, Defendant Thatcher Law Firm, Defendant Maryland State Department of Education, Defendant Pessin Katz Law, P.A, Defendant Association of Supervisory & Administrative School personnel worked together and hatched a "common plan" to violate the law in order to deny the plaintiff the protection afforded under his employment contract.

279. Defendant Maryland State Education Association hired its own staff to fill positions at the ACE-AFSCME Local 2250 and the Prince George's County Public Schools Human Resources Labor Relations and other key positions to cover up wrong doing.

280. Defendants hired or steered to hire the following personnel for the key positions within ACE-AFSCME Local 2250 and Prince George's County Public Schools (PGCPS) for the purposes of Concealing Violations of law within the organizations. Mr. James Spears Field Services Director - previous employee for Defendant MSEA, Executive Director Wanda Twigg (Previous employee of Defendant MSEA), Field Service Representative Fred Shumate (Previous Human Resources supervisor PGCPS), James Fisher Esq of Defendant Thatcher Law Firm to Prince George's County Public Schools office of legal counsel, Ms. Shani Whisonant of Defendant Pessin Katz Law, P.A to Prince George's County Public Schools office of legal counsel, Mr. James Whattam previous employee of Defendant MSEA to labor relations Director, Mr. Christian Rhodes previous employee with Defendant MSEA now Chief of Strategic and External Affairs at Prince George's County Public Schools and previous senior advisor to County Executive and PGCPS concerning unions. Other personnel will be disclosed in the trial. The elevation of Mr. James Whattam as the Director of Labor

Relations was a start. Mr. James Whattam, who retired from Maryland State Educator Association, was awarded by PGCPS with a paycheck for his protection of corruption. In exchange, PGCPS maintains status quo or advances the corruption. When James Whattam could no longer forward the corrupt objectives of PGCPS, he was vested with the privilege of appointing someone who would continue the tradition.

281. That, on or around 2013, Mr. James Whattam solicited and publicized information concerning Plaintiff Mr. Mua at the beckoning of Defendant Pessin Katz Law, P.A, Defendant Thatcher Law Finn and other conspirators in order to damage plaintitfMr. Mua's reputation.

282. Plaintiff Mr. Mua complained to Maryland Senator Benson and other elected officials concerning these malicious activities and discrimination by the Defendants.

283. The position of Executive Director for ACE AFSCME Local 2250 was Board-appointed and solely answerable to the Board, and the Defendant MSEA helped recruit and engineered hiring of Mr. Dan Besseck, whose interests lay, not with the President of ACE-AFSCME Local 2250 or the membership, but with the vanguard wing that hired him.

284. Plaintiff Mr. Mua requested Mr. Besseck's help with wrongful discriminatory termination without much success.

285. Once Besseck was in place, Defendant MSEA and other conspirators expended still more union dollars to launch a campaign of fraud, misinformation, threats and physical intimidation to remove elected President of ACE-AFSCME Local 2250 who had exposed the wrongful conduct of Mr. Besseek to the plaintiff Mr. Mua. At an appearance by Maryland State Senator Benson at a ACE-AFSCME Local 2250 membership meeting at President Adams' personal request the Director openly insulted the visiting congressman, and at one

59

point, several male members in attendance were compelled to intervene by standing between Besseek and Senator Benson when it appeared obvious he was about to physically assault her.

286. President Adams and members of ACE-AFSCME Local 2250 called for Besseek's resignation following the public display and instead of being fired for such behavior, he was shielded by Defendant MSEA and got a promotion to be Uniserv Director at Defendant Maryland State Education Association in Annapolis where he continues to serve while remotely controlling the activities of ACE-AFSCME Local 2250.

287. Additionally, to further the conspiracy to defraud PGCPS, in November 2014, Defendant Thatcher Law Firm via Abbey Hairston engineered the hiring of Mr. Chuck Shultz an attorney currently in Thatcher Law Finn to be an Associate General Counsel (Risk Management) Office of the PGCPS Legal Services.

288. There are other key facilitators still firmly in place in furtherance of public corruption within the county schools starting with Deputy Superintendent Dr. Monique Whittington Davis who is a wife to Delegate Dereek Eugene Davis. She controls millions of dollars for special education without proper oversight. Students have not been getting adequate support.

289. There are other conspirators who do business with Defendants who joined in the conspiracy to defraud and caused damages to the plaintiff Mr. Mua who will be disclosed in trial.

290. Defendant's conduct constitutes intentional, willful, malicious, and flagrant violations of the rights of the Plaintiff as to warrant punitive or exemplary damages.

291. As a direct and proximate cause of the misconduct and fraud to which he was subjected, Plaintiff has suffered, and continues to suffer lost wages and benelits, humiliation, indignity,

and extreme emotional distress.

292. That Plaintiff seeks judgment against the Defendants including Defendant O'Neal Law Finn LLP on the counts as alleged in this complaint.

**Wherefore,** the Plaintiff, seeks judgment against Defendant Thatcher Law Finn; Defendant Pessin Katz Law, P.A.; Defendant Maryland State Education Association; Defendant Association of Supervisory & Administrative School (ASASP); Defendant Maryland State Department of Education and demands damages interest, counsel fees and cost against all the defendants for actual and punitive damages totaling five million Dollars ($1,000,000.00), pre and post judgment interest, costs, and all such just and further relief as the court deems just and proper

## COUNT TWENTY-THREE: UNJUST ENRICHMENT

293. That Plaintiff incorporates by reference any and all facts and/or legal arguments asserted in the prior and subsequent portions of this Complaint contained in paragraphs 1 through 292, as if set forth fully.

294. That, Defendant Bryan Chapman, Defendant Raoul' Abdullah, Defendant Robert Cappell, Defendant Law office of C. Sukari Hardnett LLC , Defendant Mitchell I. Batt, Defendant O'Neal Finn, LLP, Defendant Pessin Katz Law, P.A, Defendant Association of Supervisory & Administrative School, Defendant Maryland State Education Association, Defendant Thatcher Law Firm and Defendant Maryland State Department of Education were unjustly enriched at Plaintiff Mr. Mua's expense and the circumstances were such that, in good conscience, the Defendants should make restitution for Plaintiff Mr. Mua's losses.

295. The Defendants were unjustly enriched when the services were rendered by Plaintiff and when payment for legal fees, union dues and retirement contributions was made.

296. That, Defendant Pessin Katz Law, P.A, Defendant Association of Supervisory & Administrative School, Defendant Maryland State Education Association, Defendant Thatcher Law Firm and Defendant Maryland State Department of Education accepted tax payer dollars and other contributions for wrongful activity at the expense of the citizens of Prince George's County.

297. Plaintiff Mr. Mua conferred a benefit on the Defendants, Defendants retained the benefit; and under the circumstances, the Defendant's retention of the monetary and other benefits is unjust.

**WHEREFORE,** Plaintiff seeks judgment against the Defendants named on this Count, in the full amount of his actual damages, and for One Million Dollars ($1,000,000.00) in punitive damages, plus pre and post judgment interest, costs and all such further relief as the court deems just and proper.

### COUNT TWENTY-FOUR:  BREACH OF CONTRACT

298. The Plaintiff incorporates by reference and reasserts herein the matters contained in paragraphs 1 through 296 into this claim for Relief, as if set forth fully.

299. That, Plaintiff Josephat Mua resided at 2332 London Bridge Dr, Silver Spring, Maryland 20906 at all times relevant to this complaint, including August 26th, 2011.

300. That, Plaintiff Josephat Mua and Francoise Vandenplas also owned two automobile vehicles and operated from personal property at 2332 London Bridge Dr, Silver Spring, Maryland 20906, at all times relevant to this complaint, including August 26th, 2011.

301. That, at all times relevant to this complaint, Plaintiff had an Automobile insurance agreement with Defendant California Casualty Indemnity Exchange.

302. That, a valid Contract existed between the Plaintiff and Defendant California Casualty

Indemnity Exchange, which set forth all of the agreements, conditions, understandings, promises, warranties, and representations" of the parties.

303.That, under the terms of the policy, in consideration for a monthly premium, the Plaintiff automobiles were protected from any accident or destruction by the Defendant California Casualty Indemnity Exchange policy.

304.That, Plaintiff had met all its obligations under the policy and had paid their premiums in a timely manner pursuant to the agreement.

305.That, on various dates including September 06, 2011, Plaintiff presented an automobile claim to the Defendant California Casualty Indemnity Exchange for assistance.

306.That, Defendant did not assist the Plaintiff properly with their claim and disregarded the Plaintiff without properly investigating all potential causes of the accident, but instead by concluding that Plaintiff Josephat Mua (one of the insureds) caused the accident, despite substantial evidence to the contrary.

307.That, Plaintiff Josephat Mua did not cause the accident in question.

308.That, Defendant, California Casualty Indemnity Exchange, did not properly assist the Plaintiff when they needed help within the prescribed period after the accident occurred. The Plaintiff submitted the appeal timely for assistance with the damaged car to the Defendant on or around August 27, 2011 and again on September 06, 2011 by email requesting the next steps.

309.That, Defendant California Casualty Indemnity Exchange, abruptly canceled the Plaintiff insurance in the absence of any notice, whether that be written or oral. The Defendant, California Casualty Indemnity Exchange had an obligation pursuant to Code of Maryland

Regulation 31.08.03.04 to provide the Plaintiff notice of their intent to cancel Plaintiff insurance;

310. Defendant California Casualty Indemnity Exchange had an obligation, whether by statute or the policy that governed their issuance and maintenance of insurance, to provide the Plaintiff notice prior to the cancellation of Plaintiff insurance;

311. .As a direct result of the Defendant California Casualty Indemnity Exchange's abrupt cancellation of Plaintiff automobile insurance, the Plaintiff was forced to acquire new automobile insurance. The Plaintiff premium rate with the Defendant, California Casualty Indemnity Exchange was approximately $101.00. After the Defendant California Casualty Indemnity Exchange cancelled the Plaintiff automobile insurance, the Plaintiff purchased insurance with Progressive insurance company, which caused the Plaintiff to incur premium rate in the amount of $241.00. Thus, the Defendant California Casualty Indemnity Exchange's conduct exposed the Plaintiff to an additional monthly payment of $140;

312.That, Defendant California Casualty Indemnity Exchange breached its contract with the Plaintiff by failing to pay them the benefits due under the provisions of the policy.

   **WHEREFORE**, Plaintiff respectfully request that this Court award judgment against Defendant California Casualty Indemnity Exchange on the count of Breach of Contract and seek compensatory damages in the amount of $200,000 for the Plaintiff pain and suffering that was brought on directly and proximately by Defendant's misconduct. Plaintiff further seek attorney's fees for consultations, costs and for any such other relief as the Court deems equitable, just, fair and proper. In addition, Plaintiff also seek $140 and additional civil penalties for every month from September 2012 until the resolution of this matter.  Defendant's irresponsible actions caused the Plaintiff harm and discernible injury.

## COUNT TWENTY-FIVE. UNJUST ENRICHMENT

313. The Plaintiff incorporates by reference and reasserts herein the matters contained in paragraphs 1 through 312 into this claim for Relief, as if set forth fully.

314. Under Maryland law, unjust enrichment is established when: 1) A party confers a benefit upon another; 2) The benefiting party knows or appreciates the benefit; and 3) The benefiting party's acceptance or retention of the benefit under the circumstances is such that it would be inequitable to allow him or her to retain the benefit without paying the value in return. *Benson v. State*, 389 Md. 615, 651-52 (2005).

315. Defendant has attempted to unjustly enrich themselves by three means: 1) Requesting for the $5000 that was paid to the Plaintiff in response to the auto incident; 2) By not paying full and reasonable amount to Plaintiff after the traffic incident, as provided in the insurance agreement; 3) By the cancelation of Plaintiff insurance forcing them to select an insurance carrier with significantly higher (more than double) rates.

316. That Plaintiff invested at least $101/monthly for automobile services since retaining Defendant California Casualty Indemnity Exchange. Despite such, the Defendant California Casualty Indemnity Exchange has ignored their obligations under the governing contract.

317. In light of such, the Defendant California Casualty Indemnity Exchange has been accruing the benefit of the payments disbursed by the Plaintiff in the absence of affording the Plaintiff the coverage as contemplated by the contract.

318. That, Defendant California Casualty Indemnity Exchange ongoing, unjust retention of Plaintiff excesses serves to benefit the Defendants at Plaintiff's detriment, and violates fundamental principles of justice, equity and conscience.

**WHEREFORE**, Plaintiff respectfully request that this Court award judgment against Defendant California Casualty Indemnity Exchange on the count of unjust enrichment and seeks compensatory damages in the amount of and seek compensatory damages in the amount of $500,000 for the Plaintiff' pain and suffering that was brought on directly and proximately by Defendant's misconduct. Plaintiff further seek attorney's fees for consultations, costs and for any such other relief as the Court deems equitable, fair, just and proper. Defendant's action was cause of the Plaintiff' harm and discernible injury. In addition, Plaintiff' also seek $140 and additional civil penalties for every month from September 2012 until the resolution of this matter. Plaintiff respectfully seek a full return of any and all payments disbursed by the Plaintiff to the Defendant California Casualty Indemnity Exchange because of the willful nature of the Defendant's misconduct.

## TWENTY-SIX. CONSPIRACY

319.The Plaintiff incorporates by reference and reasserts and religious herein the matters contained in paragraphs 1 through 318 into this claim for Relief, as if set forth fully.

320. That, Defendant CCIE and Defendant Maryland State Education Association (MSEA) had an agreement to provide insurance coverage to the union members. However, after plaintiff sued the unions, Defendant CCIE and Defendant MSEA engaged in a conspiracy to prejudice the plaintiff after he filed grievances with the court.

321. That, a valid Contract existed between the plaintiff and Defendant California Casualty Indemnity Exchange and his family, which set forth all of the agreements, conditions, understandings, promises, warranties, and representations" of the parties.

322.That, Defendants conspired to prejudice the Plaintiff and interfere with the Union after Plaintiff Mr. Mua complained.

323. That, the Defendants conspired to prejudice the Plaintiff by intentionally interfering with the job of his wife due to malicious intentions designed by the union defendants sued in court.

324. That, as a result of the conspiracy, Plaintiff suffered damages.

## TWENTY-SEVEN: RETALITION FOR PROTECTED ACTIVITY.

325. The Plaintiff incorporates by reference and reasserts and religious herein the matters contained in paragraphs 1 through 324 into this claim for Relief, as if set forth fully.

326. That, Plaintiff sued the Defendants in state and Federal court.

327. That, Defendants engaged in retaliation based on Plaintiff Mr. Mua's protected activity.

328. That, on May 19th, 2016, Plaintiff filed a grievance in Federal court.

329. That, on May 23, 2016, Plaintiff Mr. Mua wrote an opinion to members of the union complaining about the conduct exhibited by the Defendants in this case.

330. That, shortly after, Plaintiff suffered a diverse action on the same day May 23, 2016 after Defendant Marsden & Seledee filed a document to the court misleading them.

331. That, Defendant CCIE, Marsden & Seledee and other Defendants are engaged in a malicious activity which are ongoing including request for attorney fees and for sanctions when they know they are wrong for misconduct.

332. That, Defendants have engaged Plaintiff Mr. Mua wife's job without justification after they conspired to get an award based on malicious activity.

333. That, Defendants malicious activities are ongoing and the Plaintiff Mr. Mua prays this honorable court will help stop this illegal conduct. So far the plaintiff has not been able to secure his briefs and documents held by previous counsels in this action in order to present his case properly.

## TWENTY-EIGHT: RETALITION FOR PROTECTED ACTIVITY.

334.The Plaintiff incorporates by reference and reasserts and religious herein the matters contained in paragraphs 1 through 333 into this claim for Relief, as if set forth fully.

335.That, Plaintiff sued the Defendants in state and Federal court.

336.That, Defendants engaged in retaliation based on Plaintiff Mr. Mua's protected activity.

337.That, Shani Whisonnant changed the facts in Maryland court of Special appeals, Maryland State Department of Education, Prince George's County Circuit Court after Plaintiff won his administrative appeal due to retaliation. Plaintiff filed a grievance in Federal court.

338.That, on May 23, 2016 and many other dates, Plaintiff Mr. Mua wrote an opinion to members of the union complaining about the conduct exhibited by the Defendants in this case.

339.That, shortly after, Plaintiff suffered a diverse action on the same day including May 23, 2016 after Defendant Marsden & Seledee filed a document to the court misleading them.

340.That, Defendant CCIE, Defendant Shani Whisonnant, Defendant Marsden & Seledee and other Defendants are engaged in a malicious activity which are ongoing including request for attorney fees and for sanctions when they know they are wrong for misconduct.

341.That, Defendants malicious activities are ongoing and the Plaintiff Mr. Mua prays this honorable court will help stop this illegal conduct.

## TWENTY-NINE: RETALITION FOR PROTECTED ACTIVITY AND CONSPIRACY.

342.The Plaintiff incorporates by reference and reasserts and religious herein the matters contained in paragraphs 1 through 341 into this claim for Relief, as if set forth fully.

343.That, Plaintiff sued the Defendants in state and Federal court.

344. That, Defendant O'Malley, Miles, Nylen & Gilmore, P.A engaged in retaliation based on Plaintiff Mr. Mua's protected activity and conspiracy at the beckoning of his employer.

68

345. That, O'Malley, Miles, Nylen & Gilmore, P.A, Bradford Associates and Shani Whisonnant and others joined forces and changed the facts so that the courts could use misleading documents. These misleading transcripts were later used with a aim of causing damages to the Plaintiff Mr. Mua and defame him.  Maryland court of Special appeals, Maryland State Department of Education, Prince George's County Circuit Court relied of false and falsified documents.  Plaintiff filed a grievance in Federal court.

340. That, Defendant CCIE, Defendant Shani Whisonnant, Defendant O'Malley, Miles, Nylen & Gilmore, P.A, Defendant Marsden & Seledee and other Defendants are engaged in a malicious activity which are ongoing

341. That, Defendants malicious activities are ongoing and the Plaintiff Mr. Mua prays this honorable court will help stop this illegal conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff Mr. Mua prays this Honorable Court for the following relief:

I. The plaintiff seeks judgment, in all counts, against Defendants in the full amount of his damages in an amount to be proven at trial, and for the amounts as sought out in this Complaint, plus pre and post judgment interest, costs.  Plaintiff seeks each damage as sought in the counts, whether compensatory or punitive, to be awarded separately and distinctly;

II. A preliminary and permanent injunction against the Defendants Board and their directors, officers, owners, agents, successors, employees and representatives, and any all persons acting in concert with them, from engaging in each of the unlawful practices, improper activities and practices, policies, customs and usages set forth herein;

III. An order awarding declaratory relief as requested herein and as the Court deems appropriate;

IV. An order awarding restitution and/or disgorgement of profits;

V. Judgment against Defendants in the amount of economic damages, compensatory damages,

liquidated damages, and punitive damages to be determined at trial;

VI.  Employment, reinstatement, promotion, front pay, or other equitable relief;

VII.  Interest due on unpaid wages;

VIII.  Reasonable attorney's fee and costs of this action including time doing research and drafting the complaints;

IX.  Any other relief this Honorable Court deems just and proper to award.

X.  Issue a declaratory judgment that Defendants' acts, polices, practices and procedures complained of herein-violated Plaintiff's rights as secured by the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution; Title VII of CRA; Title VI of CRA; 504 of the Rehabilitation Act; 42 U.S.C. § 1981; Negligent Supervision and Retention; Civil Conspiracy laws; *Inter alia* and, Order Defendants to make whole Plaintiff who has been adversely affected by the policies and practices described herein in an amount to be shown at trial and other affirmative relief;

XI.  Retain jurisdiction over this action to assure full compliance with the orders of the court and with applicable law and require defendants to file such reports as the court deems necessary to evaluate compliance;

XII.  And all such further relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff Mr. Mua Requests a Trial By Jury on all Issues.

Respectfully Submitted,

Josephat Mua, Pro se Litigant
2732 London Bridge Dr
Silver Spring Md 20906
Tel: 301-919-4939

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this, September 21, 2016 a copy of the foregoing Appellants'
served a true and accurate copy of the forgoing 2ND AMENDED COMPLAINT AND JURY
DEMAND upon the Defendants through the U.S Postal service mail at the following;

Joel D. Seledee, Esq.                        Thomas V McCarron
Marsden & Seledee, LLC                       James 0. Spiker, IV
1 N Charles Street Suite 2300,               Semmes, Bowen & Semmes
Baltimore, Maryland 21201                    25 S. Charles Street, Suite 1400
                                             Baltimore, MD  21201

_____
              Josephat Mua Pro Se Litigant