IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPHAT MUA
    *Plaintiff*,

v.

CALIFORNIA CASUALTY INDEMNITY
EXCHANGE, *et. al.*
    *Defendants*.

Civil Action No. ELH-16-3267

**MEMORANDUM**

On April 28, 2016, Josephat Mua, the self-represented plaintiff, filed suit in the Circuit Court for Montgomery County against a host of defendants: California Casualty Indemnity Exchange; Marsden & Seledee; O'Neal Firm, LLP; Thatcher Law Firm; Mitchell I. Batt; Bryan Chapman; Raouf Abdullah; Robert E. Cappell; C. Sukari Hardnett; Bradford Associates; Pessin Katz Law, P.A.; Maryland State Education Association; Association of Supervisory & Administrative School; Shani K. Whisonant, Esq.; O'Malley, Miles, Nylen & Gilmore, P.A.; and the Maryland State Department of Education. ECF 2-1 (Second Amended Complaint); *see also* ECF 1 (Notice of Removal) at 7, ¶ 9.[1] He alleges, *inter alia*, "wrongful termination through hostile work environment in violation of Title VI, Title VII of the Civil Rights Act of 1964, due process violation under 42 U.S.C. § 1983 as well as violations of Maryland State Code

---

[1] Mua has submitted only the Second Amended Complaint and not the original Complaint. The Certificate of Service indicates that the motion to amend was mailed by Mua on September 21, 2016. There is no indication that leave to amend was granted by the Circuit Court for Montgomery County. Thus, it is not clear that the Second Amended Complaint is the operative pleading.

§ 20-60 1 et seq., the Maryland Fair Employment Practices Act ("FEPA")." ECF 2-1.  Mua also asserts, *inter alia*, retaliation, conspiracy, unjust enrichment, breach of contract, abuse of process, fraud, and negligent misrepresentation.  *See* ECF 2-1.[2]  This case is one of several that Mua has filed in this Court.  *See, e.g.*, ELH-ECF 16-3247; ELH-16-1435; PJM-15-0060.

On September 27, 2016, the plaintiff removed the case *sub judice* to this Court, pursuant to 28 U.S.C. §§ 1441(a) and 1446.  ECF 1.  Plaintiff asserts in the Notice of Removal that this Court possesses subject matter jurisdiction based on federal question jurisdiction, also known as "arising under" jurisdiction.  ECF 1 at 9-10, ¶¶ 21-22; *see* 28 U.S.C. § 1331.  In addition, he claims in his suit that there is "complete diversity of citizenship" (ECF 2-1, ¶ 23), although the other allegations in the Amended Complaint plainly indicate otherwise.  *See, e.g.*, ECF 2-1, ¶¶ 1, 5.  Mua also states that he seeks to consolidate the case *sub judice* with *Mua v. Maryland*, ELH-16-1435.  ECF 1 at 1-2.

The Second Amended Complaint exceeds 70 pages, and contains 29 counts.  As noted, Mua has named 16 defendants, some of whom he has previously sued in state court and in this Court.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Indeed, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006).  With regard to removed cases, 28 U.S.C. § 1447(c) states: "If at any time before

---

[2] Mua also submitted a Motion for Leave to Proceed in forma pauperis.  ECF 5.  I shall grant the Motion.

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Section 1441(a) of 28 U.S.C. provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants,* to the district court of the United States for the district and division embracing the place where such action is pending. (Emphasis added).

Section 1446(a) of 28 U.S.C. states:

A *defendant or defendants* desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. (Emphasis added).

As the plain language of these statutes indicates, the right of removal is vested exclusively in a defendant. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-109 (1941) (stating that Congress intended to limit removal under section 71 of the Judicial Code (now 28 U.S.C. § 1441) to defendants only and that a suit in which a counterclaim is filed is not removable by a plaintiff); *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove"); *In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967) (per curiam) ("No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court."); *Geiger v. Arctco Enterprises, Inc.*, 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants. A plaintiff simply may not remove an action from a state court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)….").

- 4 -

"The Supreme Court has referred to this restriction as jurisdictional." *Moses v. Ski Shawnee, Inc.*, A. 00-3447, 2000 WL 1053568, at *1 (E.D. Pa. July 31, 2000); *see Shamrock Oil & Gas Corp.*, 313 U.S. at 107 (restriction to defendants of right of removal "indicat[es] the Congressional purpose to narrow the federal jurisdiction on removal"). Therefore, I shall remand this case to the Circuit Court for Montgomery County, based on lack of jurisdiction.

An Order follows.

Date: September 28, 2016                    /s/
                                            Ellen Lipton Hollander
                                            United States District Judge